[No. 1562. Decided June 11, 1895.]

EBENEZER M. PECK et ux., Appellants, v. WILLIAM STANFIELD et ux., Respondents.

SPECIFIC PERFORMANCE OF PAROL CONTRACT — STATUTE OF FRAUDS — APPEAL — BRIEFS — HARMLESS ERROR.

A parol contract for the conveyance of land is enforceable on the ground of part performance when payment therefor has been made and valuable improvements placed upon the land by the purchaser although the purchaser had been in possession prior to the agreement, when it appears that such possession had been held conjointly with the vendor, and that the vendor had surrendered exclusive possession after the making of the agreement.

Error relied upon for the reversal of a cause cannot be urged in appellant's reply brief, when not urged in his opening brief.

The introduction of incompetent evidence upon the trial of ques-

tions before a jury whose verdict is advisory only will not require a reversal, where there is enough competent evidence to warrant the findings of fact as made by the lower court.

*Appeal from Superior Court, Walla Walla County.*

*B. L. & J. L. Sharpstein,* for appellants.

*Thomas H. Brents,* and *Wellington Clark,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an action in ejectment brought by appellants to recover certain real estate claimed to have been purchased of one Page. ' One of the defenses pleaded by the respondents was that Page had previously contracted to sell the land in question to respondent Sallie Stanfield, in consideration of her agreeing to release the debt she held against him, and she sought a specific performance of that contract.

It is conceded that appellants stand in no better position than Page stood, as the respondents were in possession of the premises when appellants purchased and there was proof also that they had actual knowledge of the agreement. It is contended, however, that the proof of this agreement between Page and respondent Sallie Stanfield was inadmissible under the statute of frauds, as she had been in possession of the land for sometime prior to the making of the agreement and simply continued in possession; and authorities are cited in support of this contention. We find it unnecessary, however, to examine them under our view of the facts proven. The testimony shows that, although the respondents, who were husband and wife, had been in possession of the land prior to the making of this agreement with Page, and were in possession at the time it was made, they had been and were in posses-

sion conjointly with Page, and that after the making
of the agreement Page surrendered exclusive posses-
sion of the premises to the respondents, and this posses-
sion, especially coupled with the fact of the payment
and the further fact that the respondents had made
valuable and permanent improvements upon the land,
was sufficient to take the case out of the statute afore-
said.   Pomeroy on Contracts, Specific Performance,
§ 124, and cases cited.

The case was tried to a jury as an action at law, un-
til near the conclusion thereof when it seems the
court took a different view and considered it as one in
equity.   The verdict was regarded as advisory only,
and findings of fact and conclusions of law were
thereafter regularly made by the court.   It was con-
tended upon the argument that appellants were en-
titled to have the judgment reversed and to a new
trial, owing to the action of the court relating to this
manner of trial.   We do not think appellants can
avail themselves of this, as the point is not raised in
their principal brief; it is sought to be raised only in
the reply brief, and this was too late.   Furthermore,
no injustice to appellants appears to have resulted
from the course taken.   The testimony and evidence
are all preserved in the record.

Certain questions are raised as to the sufficiency of
the pleadings, the instructions of the court and the
admission of evidence which was claimed to be in-
competent.   We regard them as of no moment under
the present aspect of the case, as we are bound to look
to matters of substance in an equity cause, rather
than to technical rules of pleading or regarding the
admission of evidence.   Regardless of the pleadings,
it seems that the issues were fully and fairly tried, and
the questions as to whether the court erred in instruct-

ing the jury, or in admitting some of the evidence, are not important, as the verdict was advisory only and the evidence was all before the the lower court and is before this court now.   The errors complained of with respect to the evidence were only that improper proof had been admitted, not that any proof was offered and excluded.   Conceding that some of the proof was improperly admitted, it could make no difference as there was enough competent evidence introduced to warrant the findings of fact as made by the lower court.   These findings also accorded with the verdict and the special findings returned by the jury.

Affirmed.

HOYT, C. J., DUNBAR, ANDERS and GORDON, JJ., concur.