[No. 4538.   Decided October 3, 1903.]

JOHN COLLINS, *Respondent,* v. FIDELITY TRUST COMPANY
OF SEATTLE, Appellant.[1]

COMPROMISE—ATTORNEY'S AUTHORITY—SPECIFIC PERFORMANCE—
TRIAL—OBJECTION NOT MADE BELOW. In an action for specific per-
formance of a compromise of pending suits entered into by attor-
neys, an objection that an attorney was not authorized cannot be
first raised in the supreme court, and such objection is not saved
by an offer of new proofs on a motion for a new trial.

SAME—STATUTE OF FRAUDS—MEMORANDUM. Where a somewhat
indefinite memorandum of settlement has been acted upon, and
benefits constituting the consideration have been received, a party
is estopped from asserting that it is not such as can be enforced
by specific performance, or that it is within the statute of frauds.

APPEAL—REVIEW—HARMLESS ERROR—TRIAL—ADVISORY VERDICT
—INSTRUCTIONS. Where issues of fact in an equity case are sub-
mitted to the jury, errors in instructions or in reading law to the
jury are not prejudicial, as the verdict is merely advisory and the
case is tried *de novo* on appeal.

NEW TRIAL—POINT NOT RAISED AT TRIAL. A new trial is prop-
erly refused upon the mere offer of evidence upon a point not
raised at the trial after full opportunity to do so.

APPEAL—REVIEW. Objections not raised below will not be con-
sidered on appeal.

Appeal from a judgment of the superior court for King
county, Emory, J., entered August 21, 1902, upon the
decision and findings of the court and an advisory verdict
of a jury rendered in favor of the plaintiff, after a trial
on the merits.   Affirmed.

*Roberts & Leehey, John B. Hart,* and *M. D. Leehey,*
for appellant.   The court erred after special findings of
the jury had been received, and before they were adopted,
in refusing to permit appellants to introduce further
proofs upon points not submitted to the jury.   *Rogers v.
Miller,* 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20; *Warr-*

[1]Reported in 73 Pac. 1121.

*ing v. Freear,* 64 Cal. 54, 28 Pac. 115; *Vickers v. Buck
Stove etc. Co.,* 65 Kan. 97, 68 Pac. 1081; *Kelly v.
Kelly,* 126 Ill. 550, 18 N. E. 785; *Hammond v. Morgan,*
101 N. Y. 179, 4 N. E. 328. The attorney was not au-
thorized to make the agreement sought to be inforced.
*Livesley v. Pier,* 11 Wash. 268, 39 Pac. 660; *Smith v.
Jones,* 47 Neb. 108, 66 N. W. 19, 53 Am. St. 519; *Had-
field v. Skelton,* 69 Wis. 460, 34 N. W. 397. He had no
power to bind the corporation to make the assignment with-
out corporate action. *Elwell v. Puget Sound & Chehalis
R. Co.,* 7 Wash. 487, 35 Pac. 376; *City El. St. R. Co. v.
First Nat. Ex. Bank,* 62 Ark. 33, 34 S. W. 89, 54 Am.
St. 282, 31 L. R. A. 535; *Wait v. Nashua Armory Ass'n,*
66 N. H. 581, 23 Atl. 77, 49 Am. St. 630, 14 L. R. A.
356; *Western Nat. Bank v. Armstrong,* 152 U. S. 346, 14
Sup. Ct. 572; *Dewey v. Spring Valley Land Co.,* 98 Wis.
83, 73 N. W. 565. *Gashwiler v. Willis,* 33 Cal. 11,
91 Am. Dec. 607; *Humphreys v. McKissock,* 140 U. S.
304, 11 Sup. Ct. 779; *Sellers v. Greer,* 172 Ill. 549, 50
N. E. 246. The memorandum agreement is too vague
and indefinnite to be specifically performed. *Dewey v.
Spring Valley Land Co., supra;* Story, Eq. Juris. § 767
(12 ed.); *Veth v. Gierth,* 92 Mo. 97, 4 S. W. 432; *Nip-
polt v. Kammon,* 39 Minn. 372; 40 N. W. 266; *Craig v.
Zelian,* 137 Cal. 105, 69 Pac. 853; *Krum v. Chamberlain,*
57 Neb. 220, 77 N. W. 665; *Berry v. Wortham,* 96 Va.
87, 30 S. E. 443; *Venator v. Swenson,* 100 Iowa 295, 69
N. W. 522; *Dunn v. McGovern,* 116 Iowa 663, 88 N. W.
938; *Horner v. Woodland,* 88 Md. 511, 41 Atl. 1079;
*Hazelton v. Putnam,* 3 Pin. (Wis.) 107, 54 Am. Dec.
158. The agreement to assign the lease was within the
statute of frauds. *Hoover v. Chambers,* 3 Wash. T. 25,
13 Pac. 547; *Bernheimer v. Verdon,* 63 N. J. Eq. 312, 49

Atl. 732; *Lombard Inv. Co. v. Carter,* 7 Wash. 4, 34 Pac. 209, 38 Am. St. 861. And there was no sufficient part performance to take it out of the statute. *Swash v. Sharpstein,* 14 Wash. 436, 44 Pac. 862, 32 L. R. A. 796; *Glass v. Hulbert,* 102 Mass. 24, 3 Am. Rep. 421; *Broughton v. Coffer,* 18 Gratt. (Va.) 184; *Tryce v. Diltus,* 199 Ill. 189, 65 N. E. 220; *Glos v. Wilson,* 198 Ill. 44, 64 N. E. 734.

*William Martin* and *James F. McElroy,* for respondent. There was a sufficient part performance to take the case out of the operation of the statute of frauds. *Tingley v. Bellingham Bay Boom Co.,* 5 Wash. 644, 32 Pac. 737, 33 Pac. 1055; *Reinhart v. Gregg,* 8 Wash. 191, 35 Pac. 1075; *Peck v. Stanfield,* 12 Wash. 101, 40 Pac. 635; *Underwood v. Stack,* 15 Wash. 497, 46 Pac. 1031; *Langert v. Ross,* 1 Wash. 250, 24 Pac. 443. Where the verdict is advisory error in instructions is not prejudicial. *Peck v. Stanfield, supra; Scheerer v. Goodwin,* 125 Cal. 154, 57 Pac. 789; *Richardson v. City of Eureka,* 110 Cal. 441, 42 Pac. 965; *Stockman v. Riverside Land etc. Co.,* 64 Cal. 57, 28 Pac. 116.

DUNBAR, J.—This is an action to compel specific performance of an alleged agreement to assign a lease of a portion of the harbor area upon the Seattle waterfront. The lease is from the state of Washington to appellant, Fidelity Trust Company. Appellant corporation was formed in 1894, and to it, respondent Collins conveyed certain property. Several years later, differences arose between him and the management of the corporation, resulting in four lawsuits, entitled "Connor v. Collins," "Fidelity Trust Company v. Colman," "Martin v. Fidelity Trust Company," and "Collins v. Fidelity Trust Company." In all these cases William Martin, Esq., was

attorney for respondent Collins, and Messrs. Roberts & Leehey and Will E. Humphrey, attorneys for the corporation. These suits were pending on May 3, 1901, and at that date Mr. Roberts went to the office of Mr. Martin, and they entered into an agreement for the settlement of the same. The agreement is in lead pencil, and is in the handwriting of Mr. Roberts, with the exception, as the appellant claims, of a few words pencilled therein by Mr. Martin; the respondent claiming that the words over which this contest has arisen were written by Mr. Roberts, and were in the first draft of the agreement. The agreement was as follows:

"May 3, 1901.

"Collins surrender 6240 shares stock and trust certificate on Island Co. land.

"Fidelity Trust Co. make special warranty deed to Collins for all real estate conveyed by him to Co. Mtg. of tide land assumed by Collins [& take property in mtg.] Company also to convey to Collins ½ int. in Anacortes judgment. All moneys now on hand belonging to corporation, except Coleman money now in court to go to plaintiff, Collins v. Fidelity Trust Co. to be dismissed, each party to pay own cost.

"Defendants to have Coleman money now in court & to have no other money from plff.

"Defendants to pay no cost of receivership. Martin vs. F. Tr. Co. to be dismissed without cost to either party.

"Conner vs. Collins to be dismissed at without cost to either party.

"F. T. Co. vs. Coleman to be dismissed without·costs, & a release of all claims against each other growing out of any of said suits.

"Roberts & Leehey, Attys. for Defts.
"Wm. Martin, Atty. for Plf."

The suits mentioned in the memorandum were dismissed according to the agreement, although objection

thereto that the conditions of the agreement had not been complied with was made by the respondent. The court, however, ruled that the suits should be dismissed under the agreement, and that, if the respondent had any cause of complaint against the appellant growing out of the failure to carry out the provisions of the agreement, he must bring a separate action to obtain his rights. The contest arose over the expression in brackets "& take property in mtg.," the lease being the most valuable part of the property mortgaged, and the appellant refusing to assign it to the respondent, claiming that the words "& take property in mtg." were not in the original agreement as signed by the parties, but that they had been fraudulently entered there since the making of the agreement; while the contention of the respondent is that the words above referred to were in the original agreement, and were written at the same time that the remainder of the agreement was written. This is the main contention in the case.

A jury was impaneled to try certain questions of fact, and found in favor of respondent on the controverted questions. The court also found, that the words, "& take property in mtg." were in the agreement at the time it was signed by the respective attorneys of the parties, and formed a part of said agreement; that the same was mutually entered into by the plaintiff and the defendant; that the plaintiff, John Collins, had complied with all the terms and conditions of said agreement; that he had paid the defendant, and the defendant had received and accepted, the consideration and property it was entitled to receive under its said agreement, and still retains the same. These are all the findings of fact that it is necessary to discuss here. The conclusion was that Collins was entitled to a decree of specific performance directing

the Fidelity Trust Company to assign and deliver said lease, and enjoining the plaintiff and its officers or agents from in any manner claiming any interest in or to said lease. Judgment was entered accordingly, and the appeal is taken.

An analysis of the voluminous testimony in this case would be unprofitable. It is sufficient to say in that regard that an examination of all the testimony satisfies us that both the special findings of the jury and the findings of the court were justified. This disposes of appellant's second query, under the head of "Matters Involved," viz., was it intended, in the settlement then made of such pending cases, that the lease in controversy should be assigned to respondent? The first contention is that the memorandum agreement, or contract of settlement, was made without the authority of the appellant, and was not subsequently ratified by it. The first answer to the contention is that this point was not raised in the lower court, and, with the exception of jurisdictional questions, cases will be tried here on the theory on which they were tried below. It would be manifestly unjust to a litigant to reverse his judgment on a question which he was not called upon to contest in the lower court by either pleadings or objections, when it might easily happen that, if it had been an issue at the time, he could have successfully met it.

In *Hartigan v. Hoffman,* 16 Wash. 34, 47 Pac. 217, where a deed, executed by an attorney in fact, had been introduced in evidence without objection that no proof of the authority under which it had been executed had been shown, it was held that such objection could not be raised for the first time on appeal, the court saying:

"The specific objection is that no proof was introduced as to the existence of the power of attorney or authority under which said Edson L. Shaw purported to act in exe-

cuting said instrument on behalf of his wife.    But, as already noticed, this deed, like the others in respondent's chain of title, was offered and received without objection upon the part of the appellant, and this particular objection, as appears from the record, is urged here for the first time.    For this reason we cannot consider it.    Had the objection been timely made, respondent might have obviated it by the introduction of other evidence."

Besides, an inspection of the record satisfies us that not only was ample authority given the attorney Mr. Roberts to make the settlement, and every step in the proceedings taken with the knowledge and consent of the appellant, but appellant also ratified said settlement by accepting and enjoying its fruits.    It is asserted in appellant's reply brief that the point under discussion was raised in the lower court, and page 411 *et seq.* of the record is cited in support of this assertion.    But the record cited, shows that the point was raised on the motion for a new trial after the appearance of new counsel in the case, and not during the investigation of the cause.    The offer was made to submit proof that Roberts had no authority from the corporation to make the settlement, which offer, we think, was properly overruled by the court with the remark that the offer and motion were denied upon the ground that evidence was introduced upon the trial upon all the issues under the pleadings by both parties, and that each party had full opportunity to introduce evidence at that time upon all the issues involved in the case.

It is insisted in the third place that, even if the appellant did then agree to assign said lease to respondent, the agreement is not such as can be enforced in an action for specific performance, and falls within the statute of frauds.    But the contract was in writing, and, though somewhat indefinite, the parties to it assumed to act in

accordance with its terms, settlements were made and benefits were received under its terms, which constituted the consideration, and the parties will be estopped from asserting its illegality. *Moore v. Coey,* ante, p. 63, 73 Pac. 768. This outside of the contention raised by the respondent that there was no timely objection to it raised in the trial court—a question which it is not necessary to discuss, though it may be stated that the record shows that the contract was introduced in evidence without objection. The contention in relation to error in instructions, and the alleged misconduct of the attorney for respondent in reading law cases to the jury, if errors, were errors without prejudice, as not affecting the trial of the cause in this court where the case is tried *de novo.* The jury in a case of this kind is only an advisory adjunct to the court, its verdict not binding the trial court or this court, which decides the case upon the testimony. *Peck v. Stanfield,* 12 Wash. 101, 40 Pac. 635. This seems to be the prevailing and reasonable rule.

The eighth contention—that the court erred in not reopening the case—is disposed of by what we have said above. The ninth and concluding contentions—that this action cannot be maintained because the contract lacks mutuality, and because certain alleged stipulations had not been disposed of before the commencement of the action—are neither pleaded nor raised in the court below.

Affirmed.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.