[No. 10372.    Department Two.    July 15, 1912.]

FRANK P. DALTON *et al.*, *Respondents*, v. UNION GAP IRRIGATION COMPANY, *Appellant.*[1]

TRIAL—SUBMISSION OF ISSUE TO JURY—INJUNCTION—EQUITY. In an action for damages from flooding land, and for an injunction, it is not error to submit the issue of damages to a jury for an advisory verdict.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot be predicated on an instruction to which no exceptions were taken.

APPEAL—ASSIGNMENTS OF ERROR. An assignment of error in failing to sustain objections of appellant's counsel as shown by the statement of facts is too general.

[1]Reported in 124 Pac. 1128.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered November 7, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages from flooding and for an injunction, after a trial on the merits. Affirmed.

*G. G. Lee* and *C. F. Bolin*, for appellant.

*E. B. Velikanje* and *R. B. Milroy*, for respondents.

MORRIS, J.—This action was brought to recover damages to respondents' lands caused by water from appellant's ditch. In addition to damages, respondents sought to enjoin appellant from turning more water upon the lands and causing additional damage. Respondents are the owners of lands through which runs a natural draw containing nearly four acres. Appellant owns and operates a ditch some distance above respondents' lands, and during the time in controversy here, maintained a spillway, which permitted waste water to flow down the draw and upon respondents' lands. A temporary injunction was granted against the flow of water through this spillway during the pendency of the action. When the case came on for trial, a jury was called, and the question of damages was submitted to it, and a verdict returned fixing the damages at $290. From a judgment upon this verdict, the appeal is taken.

It is first contended, that the court committed error in submitting the damages to a jury; that this was an equitable action and the court should have passed upon all questions of law and fact raised by the issues. There is no merit in this contention. Whatever the character of the action, the court could, if it so desired, call a jury and submit to it any disputed question of fact. Even in purely equitable actions, the method of determining questions of fact is discretionary with the court. It may try all the issues, or may submit all or part of any issuable question of fact to a jury, using the verdict as advisory merely and in no manner bound

thereby should it not meet with approval. *State ex rel. Hill v. Lichtenberg*, 4 Wash. 553, 30 Pac. 659; *Wheeler, Osgood & Co. v. Ralph*, 4 Wash. 617, 30 Pac. 709; *Wintermute v. Carner*, 8 Wash. 585, 36 Pac. 490; *Lavanway v. Cannon*, 37 Wash. 593, 79 Pac. 1117.

Complaint is also made of the measure of damages adopted by the court. We can find nothing in the record justifying appellant's contention in this regard. The exceptions taken seem to be by respondents in an attempt to go further than the court would permit. When the court instructed the jury, it give them the measure to be used in arriving at the damages. To this instruction the record shows no exception was taken. It cannot therefore be attacked here. It is not necessary to determine whether this instruction was right or wrong, since in the face of the record no advantage can be taken of it. We must therefore refuse to determine what would be the correct measure of damages in such a case, since the question is not properly before us.

The next error assigned is in this language:

"That the court erred in his failure to sustain the objections of appellant's counsel, as shown by the statement of facts."

This assignment is altogether too general to avail appellant anything.

The judgment is affirmed.

MOUNT, ELLIS, PARKER, and FULLERTON, JJ., concur.