[No. 11738.    Department Two.    May 12, 1914.]

SUSAN ENOS, *Appellant*, v. LAWRENCE R. HAMBLEN, *Executor etc., et al., Respondents.*
*In the Matter of the Estate of* JOHN ENOS.[1]

JURY—RIGHT TO JURY TRIAL—ADMINISTRATION OF ESTATE—EQUITY OR LAW. A petition in probate, whereby the petitioner seeks to establish her right to a community interest in the estate of the deceased as his lawful wife, does not raise an issue of fact in an action for the recovery of money or specific real or personal property, required by Rem. & Bal. Code, § 314, to be tried by a jury; but is an equitable proceeding, within Id., § 315, requiring every other issue of fact to be tried by the court, subject to the right to an advisory verdict by a jury when consented to or ordered.

SAME—JURY IN TRIAL BY COURT—ADVISORY VERDICT. In the trial of an issue of fact in an equitable proceeding, such as the establishment in probate of the right of a wife to a community interest in the estate of the deceased, the taking of a verdict of a jury upon

[1]Reported in 140 Pac. 675.

an issue as to a lawful marriage is discretionary, and the verdict advisory only and not binding on the court.

MARRIAGE—EVIDENCE—SUFFICIENCY. The evidence is insufficient to establish a marriage between an Indian woman and a white man, since deceased, where she claimed that, when she was about 14 years of age, the marriage was consummated according to the Indian custom, and that she lived with deceased for nine years upon a ranch in Lincoln county, but other evidence conclusively shows that, for several years after the time fixed, deceased was not in that country and never lived there for any length of time, and that the claimant had another husband during those times, and had claimed an interest in his estate as his widow.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered September 16, 1913, dismissing an application to be adjudged the widow of the deceased, after a hearing on the merits and an advisory verdict by a jury. Affirmed.

*Cannon, Ferris & Swan, O. J. Bandelin,* and *W. E. Southard,* for appellant.

*W. S. Gilbert,* for respondents.

MOUNT, J.—The appellant in this action claims to be the lawful wife of John Enos, deceased, and as such wife has a community interest in the property left by the deceased. It appears that John Enos, commonly known as "Portuguese Joe," died on or about the 30th day of May, 1911. He left an estate consisting of real and personal property in Spokane county of considerable value. Prior to his death, he made a will, by the terms of which he left the bulk of his property to his wife, Mary Enos. Thereafter, on the 12th day of July, 1911, the will was admitted to probate in the superior court for Spokane county, and Lawrence R. Hamblen was duly appointed as executor of the will.

Thereafter, on January 30, 1913, the appellant filed a petition in the superior court for Spokane county, In the Matter of the Estate of John Enos, Deceased, alleging that she was the lawful wife of the testator during his lifetime; that there were born to her and the said John Enos three sons,

two of whom died while young, and that the third son was supposed to be living but his whereabouts was unknown to the appellant; that, at the time of his death, John Enos left certain property, describing it, in Spokane county, of the appraised value of $137,000. She prayed for a citation and a hearing upon her petition, and that, upon such hearing, she be adjudged to be the lawful wife of John Enos, deceased.

The executor of the estate, and others who were interested therein, appeared in answer to the petition. They denied that the appellant was the wife of John Enos, deceased. When the cause came on for trial, a jury was demanded by the petitioner. This demand was resisted by the executor. Upon that application, it was conceded by counsel for the petitioner that it was discretionary with the trial court whether a jury should be called, and that the verdict of a jury would be advisory only. The court thereupon called a jury and the cause was tried. The only question submitted to the jury was whether the appellant was ever legally married to the deceased, or was his wife. At the conclusion of the trial, the jury found that the appellant and the deceased were lawfully married. Upon motion of the respondents, the court declined to adopt the verdict of the jury, concluded upon the evidence that there was no lawful marriage, and dismissed the proceedings. This appeal is prosecuted from that order.

The appellant assigns that the court erred in disregarding the verdict of the jury, in refusing to enter a judgment thereon, and in dismissing the petition. Voluminous briefs have been filed in the case. The appellant argues strenuously that she was entitled to a jury as a matter of right, and that the verdict of the jury is binding upon the court, and not advisory merely. The statute, Rem. & Bal. Code, § 314 (P. C. 81 § 205), provides:

"An issue of fact, in an action for the recovery of money only, or of specific real or personal property shall be tried

by a jury, unless a jury is waived, as provided by law,
. . ."

Section 315 (P. C. 81 § 207), provides:

"Every other issue of fact shall be tried by the court, sub-
ject, however, to the right of the parties to consent, or of
the court to order, that the whole issue, or any specific ques-
tion of fact involved therein, be tried by a jury, . . ."

These statutes seem to us plain and unequivocal. Where
there is an issue of fact in an action for the recovery of money
or of specific real or personal property, that issue must be
tried to a jury, unless a jury is waived. It is plain, we
think, that this is not an action of the kind there mentioned.
The question in this case is simply whether the appellant was
the lawful wife of John Enos during his lifetime. If that
question is determined in the affirmative, then she is un-
doubtedly entitled to her community interest in his estate,
after the debts and costs of administration are paid. Rem.
& Bal. Code, §§ 1366, 1370, 1534 (P. C. 409 §§ 669, 677,
485); *Ryan v. Fergusson*, 3 Wash. 356, 28 Pac. 910; *In re
Guye's Estate*, 54 Wash. 264, 103 Pac. 25, 132 Am. St.
1111.

But this action cannot be said to be an action for the re-
covery of specific property, either real or personal. It is
simply to determine the question whether the appellant is the
widow of the deceased. The case of *Filley v. Murphy*, 30
Wash. 1, 70 Pac. 107, extensively quoted from and apparently
relied upon by the appellant, is not an authority upon the
question that this is an action for the recovery of specific
real or personal property. That clearly was such an action.
There the administrator sought to recover from an executor,
who had been deposed, certain personal property belonging
to the estate. We held in that case that it was an action for
the recovery of specific property, and that the issues were
triable to a jury. But this is not such an action.

The appellant argues at length that she is not claiming
the property in question by inheritance or as an heir, but is

asserting title to property which she owns, to the same extent and in the same manner as the deceased owned it. We think it makes little difference in this case whether she claims a community interest as one of the community, or whether she claims as an heir. She is, in either event, not entitled to possession until after the administration is closed upon the estate. As we have seen above, the statute requires the whole estate to be administered upon, and while the title vests in the heirs, or those entitled thereto, immediately upon the death of the testator, neither the heirs nor those interested in the community are entitled to the possession until after administration. Not being an action to recover money or specific real or personal property, the case falls within the provisions of § 315, *supra*, and is triable by the court without a jury. In other words, it is an equitable action and the court was authorized to try it without a jury, or to select a jury whose verdict would be advisory merely. In *Collins v. Fidelity Trust Co.*, 33 Wash. 136, 73 Pac. 1121, referring to the trial of a case by a jury in an equitable action, at page 143, we said:

"The jury in a case of this kind is only an advisory adjunct to the court, its verdict not binding the trial court or this court, which decides the case upon the testimony. *Peck v. Stanfield*, 12 Wash. 101, 40 Pac. 635. This seems to be the prevailing and reasonable rule."

In *Dalton v. Union Gap Irr. Co.*, 69 Wash. 303, 124 Pac. 1128, we said:

"Even in purely equitable actions, the method of determining questions of fact is discretionary with the court. It may try all the issues, or may submit all or part of any issuable question of fact to a jury, using the verdict as advisory merely and in no manner bound thereby should it not meet with approval," [Several authorities are there cited to that effect].

We think there can be no question, under the rule adopted in this state, that an equitable action, as this one is, is triable to the court without a jury, or with a jury as the court sees

fit, and that such a verdict is not binding upon the court, but is merely advisory; and the trial court and this court will review the evidence *de novo* and find according to the facts as they may appear. It is no doubt true that the finding of the jury will have weight with the trial court in determining the questions submitted to the jury, but the trial court is not, and neither is this court, bound by the verdict of the jury. We deem it unnecessary to review the authorities from other states upon the question presented here. We think our own cases are decisive when once the character of the action or proceeding has been determined.

The estate in this case is in the possession of the executor. The property in his possession is a trust fund, first, for the payment of the costs and expenses of administration, and second, to be distributed to the persons lawfully entitled thereto. A person claiming to be an heir or a community owner of the estate must establish his claim at some place in the proceedings, and when established, they are entitled to the distribution which the law authorizes. In order to establish a right to the estate as distributee, the proceeding must necessarily, we think, be an equitable one and falls within the provisions of Rem. & Bal. Code, § 315 (P. C. 81 § 207), above quoted.

It is next strenuously argued that the finding of the jury was right to the effect that the appellant was the lawful wife of John Enos during his lifetime. Upon this question, we have carefully read the abstract of evidence in the case. This abstract is voluminous, because many witnesses testified upon the question. But we are satisfied from the record in the case that the evidence fails to establish the fact that the appellant was ever married to the deceased, John Enos. She claims to have been married to him some time during the years 1870, 1871, or 1872, when she was about the age of 14 years. She is an Indian woman, unable to speak the English language, and unable to fix the date exactly. But the date was fixed by other witnesses at about the time stated.

She testified that the marriage took place according to Indian custom, north of the Columbia river, on the Colville Indian Reservation; that she lived with her husband upon his ranch in Lincoln county for about nine years. But the evidence, we think, conclusively shows, that the deceased at that time, and for several years after that, was not in that country, but was more than one hundred miles away from that country. We think this fact is conclusively shown. And furthermore, we think it is conclusively shown that, if the appellant was married to a man by the name of John Enos, or "Portuguese Joe," as he was commonly known, that the deceased was not the man. And it is further conclusively shown that the appellant did not live with the deceased at his home in Lincoln county for nine years, or for any other length of time. And it is further conclusively shown that, whatever children the appellant had, were the children of Indians who claimed to be her husbands, and were not the children of the deceased; that the only child living was not a boy, as alleged in the petition, but was shown to be a girl who had lived, and at the time of the trial was living, in the same vicinity with her mother. It is further shown, almost beyond question, that the appellant had another husband during these times, and that, as his widow, she claimed his estate upon his death. These and other facts not necessary to be mentioned, convinces us beyond a doubt that the appellant was simply an adventuress who never was married to the deceased by Indian custom, or at all, who never lived with him as his wife, and who is not entitled to share in his estate. We think the trial court properly rejected the verdict of the jury upon this question and rightly concluded that the appellant was not the widow of John Enos, deceased.

The judgment is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.