[No. 13979.   Department One.   October 11, 1917.]

## S. B. REYNOLDS et al., Respondents, v. CANTON INSURANCE OFFICE, LIMITED, of Hong Kong, China, Appellant.[1]

INSURANCE—MARINE INSURANCE—RISK—ESTOPPEL.   An insurance company is estopped from asserting the invalidity of a policy of marine insurance for violation of a restriction as to the trading limits, where, at the time the policy was written, the company knew that the boat was going beyond the trading limits specified in the policy.

SAME — MARINE INSURANCE — TITLE — ASSIGNMENT — VALIDITY. Where a policy of marine insurance was made payable to a bank holding a mortgage upon the boat and desiring additional security, the owners' interest in the subject-matter of the loss is sufficiently shown where they paid the premium and the bank assigned its interest before suit was instituted; the provision in the policy that no assignment shall be valid unless consented to in writing having no application in such a case.

APPEAL—REVIEW—HARMLESS ERROR.   Error cannot be assigned upon the submission of the issues in an equitable case to a jury and using the verdict as advisory.

ACTION — LAW OR EQUITY — ACTION UPON INSURANCE POLICY — AMENDED COMPLAINT.   An action to recover a loss upon a policy of marine insurance is one at law and not in equity, although the complaint alleges the wrongful insertion of a provision restricting the trading limits, and that the insurer knew that the boat was bound beyond the limits and was therefore estopped from claiming the benefits of such clause, and an amended complaint prayed for a reformation of the policy; as the plaintiff was entitled to recover without such reformation of the policy.

Appeal from a judgment of the superior court for King county, Jurey, J., entered August 7, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a policy of marine insurance.   Affirmed.

*W. H. Bogle, Carroll B. Graves, F. T. Merritt,* and *Lawrence Bogle,* for appellant.

*Myers & Johnstone,* for respondents.

MAIN, J.—The purpose of this action was to recover upon a marine insurance policy for the destruction of the gas boat

[1]Reported in 167 Pac. 1115.

"Arnold" by fire.  The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs.  The defendant made a motion for judgment notwithstanding the verdict, and also for a new trial.  Both of these motions were overruled, and judgment was entered upon the verdict in the sum of $2,114.  The defendant appeals.

The facts which are not in dispute, or which the jury had a right to find from the evidence, may be stated as follows: The respondents were the owners of the Arnold.  Norman Whitehouse & Company, a corporation, was the general agent of the Canton Insurance Office, the appellant.  On April 23, 1915, S. B. Reynolds, one of the respondents, presented a written application to Norman Whitehouse, the managing officer of Norman Whitehouse & Company, for a policy of insurance on the Arnold in the sum of $5,000.  This application contained the following direction:

"Have this policy specify that the said launch will sail from Seattle, Washington, to Cape Yagataga, Seward, Cook's Inlet, plying between said ports and other waters of southeastern Alaska."

Two or three days after this application was presented, Waterhouse & Company caused the Arnold to be surveyed as preliminary to the writing of the insurance.  At the time the survey was being made, Norman Waterhouse was told by Reynolds that the boat was going to Seward from Cape Yagataga, and from there to Cook's Inlet to take general freight.  A policy for $2,000 was written on April 30, 1915, and thereafter delivered to the National City Bank.  Upon the margin of this policy there had been inserted the following:

"Warranted during the currency of this policy vessel to be employed in the waters of Puget Sound, British Columbia and Southeastern Alaska.  Warranted not to use the west coast of Vancouver Island."

Reynolds, when he left on the Arnold, had not seen the policy and knew nothing of its contents.  On the 21st day of July, 1915, the Arnold, while near the entrance to Cook's

Inlet, and beyond the trading limits defined in the marginal clause, was destroyed by fire. As already indicated, by this action it was sought to recover upon the policy. The defense to the action was that, at the time the Arnold was destroyed, it was beyond the trading limits defined in the marginal clause of the policy.

The first question to be determined is whether the respondents have a right to prevail notwithstanding this marginal clause. The application for the policy specified Cook's Inlet as within the trading limits there defined. Reynolds testified that he informed Waterhouse, while the survey of the boat was being made, that he expected to take the boat to Cook's Inlet. The surveyor's report specified Seward, Alaska, as one of the places where the boat would be employed on its voyage. In answer to a special interrogatory, the jury found that Waterhouse & Company knew, at the time of the issuance of the policy, that the Arnold was going to a point beyond the trading limits defined in the marginal clause. If, at the time the policy was issued, the appellant or its agent knew that the Arnold was going beyond the trading limits prescribed in the marginal clause, it would be estopped from asserting the invalidity of the policy for a violation of that provision. In *Mesterman v. Home Mut. Ins. Co.*, 5 Wash. 524, 32 Pac. 458, 34 Am. St. 877, it was said:

"Although there are some cases holding the contrary, we think the decided weight of authority, as well as the better reasoning, is in favor of the rule that an insurance company is estopped from asserting the invalidity of its policy at the time it was issued for the violation of any of the conditions of such policy, or the application therefor, if at the time that it was so issued, the fact of such violation was known to the company, or its duly authorized agent."

In *McElroy v. British America Assur. Co.*, 94 Fed. 990, the Federal circuit court of appeals for the ninth circuit used this language:

"Under the weight of authority, the defendant is estopped from asserting the invalidity of its policy for violation of the

conditions of the policy, if such alleged violation was known by the defendant at the time of its issue. *Mesterman v. Insurance Co.*, 5 Wash. 524, 32 Pac. 458. 'If the agent knew of the other insurance when the contract was entered into, it is not only a waiver of notice, but also of a forfeiture on that ground.' Wood, Ins. § 406. In *Beebe v. Insurance Co.*, 93 Mich. 514, 53 N. W. 818, it was held that where the agent of the insurance company, with knowledge as to the amount of incumbrance upon property insured, misstated such amount in an application for insurance made out by him, and which plaintiff, without reading, signed, and the agent assured plaintiff that the application was all right, and that she was fully protected, the defendant company could not deny its liability under a provision of the policy that the application was a warranty as to the material facts, and that a misstatement would void it; the company being presumed to have the knowledge of its agent."

The evidence shows, and, in answer to special interrogatories, the jury found, that Waterhouse knew, when the policy was issued, that the boat was going beyond the trading limits defined in the marginal clause, and that respondents did not know of this clause until after Reynolds returned from Alaska, which was subsequent to the fire.

The appellant contended in the trial court, and repeats the contention here, that the amended complaint, upon which the action was tried, did not state a cause of action, and therefore its demurrer thereto should have been sustained. The basis of this contention is, if we understand it correctly, that the complaint does not allege that the appellant ever accepted the application made by the respondents, and that it does not allege that the application was made to the Canton Insurance Office, the appellant. The complaint, however, does allege that, after the presentation of the application, the policy was issued and delivered. The objection that the complaint does not allege that the application was made to the appellant is also without merit. It is alleged that the application was made to the agent of the appellant.

It is further contended that the respondents failed to prove any interest in the subject-matter of the suit. The policy, at the time it was issued, was made payable to the National City Bank. This was because that bank then had a mortgage upon the Arnold in the sum of $1,000 and desired the insurance policy as an additional security. The premium upon the policy was paid by the respondents, and it was issued upon the application of Reynolds. Before the suit was instituted, the bank made a written assignment to the respondents of all its right, title or interest under the policy as issued. The provision of the policy that no assignment thereof shall be valid unless the written consent of the insurer be first obtained and endorsed thereon is not applicable to the facts in this case.

Error is assigned as to instructions given and requests refused, but we find no error in this regard. The cause was presented to the jury upon the theory that, if the appellant or its agent knew, at the time of the issuance of the policy, that the Arnold, upon the voyage then contemplated, was to go beyond the trading limits prescribed in the marginal clause, it would be estopped from asserting that clause in defense to the action, and the respondents would not be bound by the clause written in the margin of the insurance policy unless they had agreed thereto, or had knowledge thereof, when the policy was written, or before the fire.

These instructions correctly presented to the jury the law as applicable to the facts in the case. The instructions requested and refused, so far as they contain a correct statement of the law applicable to the case, were sufficiently covered in the instructions given.

Another contention of the appellant is that the action was one in equity and, therefore, should have been tried without a jury. Even if it were an equitable action, it would not have been error for the trial judge to submit the issues of fact to the jury and use the verdict as advisory merely, and in no manner bound thereby should it not meet with his approval.

*Dalton v. Union Gap Irr. Co.*, 69 Wash. 303, 124 Pac. 1128; *Enos v. Hamblen*, 79 Wash. 583, 140 Pac. 675.

But we think the action was one at law rather than in equity. The complaint, speaking generally, was in the ordinary form of an action upon an insurance policy for the purpose of recovering the value of property destroyed by fire. In addition to the allegations usually found in such complaints, it was here alleged that the marginal clause in the policy—setting it out—was inserted wrongfully and without authority or permission of the respondents, and that, at the time of the issuance of the policy, the appellant knew that the Arnold was loaded with passengers and freight destined to a point beyond the trading limits prescribed in the marginal clause, and was therefore estopped from claiming the benefit of that clause. It is true that the complaint was amended at the beginning of the trial, over objection, by pleading the estoppel. The appellant did not claim surprise and ask for a continuance, and therefore there was no error in permitting the amendment. The complaint prayed that the policy be reformed by striking out the marginal clause and for judgment for the amount of the policy. The facts pleaded in the complaint would indicate that it was an action at law. The fact that there was a prayer, not only for judgment for the amount of the policy, but for reformation thereof, would not necessarily change the character of action as made by the allegations of the complaint. *Cushing v. Williamsburg City Fire Ins. Co.*, 4 Wash. 538, 30 Pac. 736.

If the appellant or its agent, as the jury found, knew, at the time the policy was issued, that the Arnold, upon the voyage contemplated, was to go beyond the trading limits prescribed in the marginal clause, and if the respondents had not consented to such clause, and had no knowledge thereof until subsequent to the fire, then the respondents would be entitled to prevail without a reformation of the policy, upon the theory that the appellant was estopped

from asserting the provisions of the policy defining the trading limits to be other than those specified in the application.

The judgment will be affirmed.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.