[No. 18908.   Department One.   April 2, 1925.]

LOADICE B. ROEDIGER *et al., as Executrices etc., Respondents,* v. DAVID REID, *as Executor etc., et al., Appellants.*[1]

JURY (4)—RIGHT TO JURY TRIAL—EXISTENCE OF PARTNERSHIP— EQUITY OR LAW.  An action to establish a partnership, and if found to exist, then for an accounting, is one in equity, and there is no right to a jury trial.

PARTNERSHIP (14)—RELATION—EVIDENCE—SUFFICIENCY.  A partnership is continued after the death of one of the partners, where the survivor continued the business in the same firm name, and treated his partner's widow as a partner, consulting with her and accounting to her for one-half of the profits.

SAME (25)—MUTUAL RIGHTS—COMPENSATION FOR SERVICES—IMPLIED CONTRACT.  Where a partnership was continued after the death of one partner, by recognizing the widow as entitled to one-half of the profits of the business, and the survivor never claimed any salary as the active manager during seven years' division of the profits, an agreement for such compensation cannot be implied after the death of the survivor.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered June 7, 1924, in favor of the plaintiffs in an action to establish a partnership and for an accounting, tried to the court. Affirmed.

[1]Reported in 234 Pac. 452.

*Burkey & Burkey* and *J. F. O'Brien,* for appellants.
*Frank D. Oakley* and *Earl V. Clifford,* for respondents.

MAIN, J.—The purpose of this action was to establish the existence of a partnership and for an accounting. The answer denied that there was a partnership. The cause was tried to the court without a jury, after a request for a jury had been made by the defendant and denied. The trial resulted in a judgment sustaining the existence of the partnership and allowed a recovery by the plaintiff in the sum of $2,506.37, plus interest, from which the defendant appeals.

From the year 1899 until the latter part of the year 1913, James Reid and Frank Crawford were engaged in the building of boats and lining ships as a partnership, under the firm name of Crawford and Reid. Mr. Crawford died during the year last mentioned. At this time in their ship yard was one or two small boats under construction. They also had contracts for the lining of ships. Prior to Mr. Crawford's death, he superintended the lining of ships, and Mr. Reid the construction of the boats and barges. After the boats which were under construction at the time of Mr. Crawford's death were completed, no other boats were built. The business was continued by Mr. Reid under the same firm name. Materials were purchased under that name, checks were drawn and deposits made. Mr. Reid frequently conferred with Elma A. Crawford, the widow of the deceased, and discussed the business with her. He would make out a deposit slip for the bank, take it to her and she would take it with the pass book and deposit it. He, on numerous occasions, stated that she was his partner. Mrs. Crawford died on July 19, 1920. Thereafter this action was brought

by her executrices.  While the action was pending, Mr. Reid died and the executor and executrix of his estate were substituted as parties.  The testimony of Mr. Reid had been taken prior to his death.

The first question is whether the appellant was entitled to a jury trial.  The action, as stated, had for its purpose, first, the establishment of a partnership and if this were found to exist, then an accounting and a judgment for the value of one-half of the assets of the partnership.  The court properly denied a jury trial.  In *Enos v. Hamblen,* 79 Wash. 583, 140 Pac. 675, the question was whether an Indian woman was the lawful wife of one John Enos, deceased.  In that case there was a demand for a jury trial, which was refused, and it was there held that the action was not an action at law and was properly tried as an equity case.  Referring to the statutes, it was said:

"These statutes seem to us plain and unequivocal. Where there is an issue of fact in an action for the recovery of money or of specific real or personal property, that issue must be tried to a jury, unless a jury is waived.  It is plain, we think, that this is not an action of the kind there mentioned.  The question in this case is simply whether the appellant was the lawful wife of John Enos during his lifetime.  If that question is determined in the affirmative, then she is undoubtedly entitled to her community interest in his estate, after the debts and costs of administration are paid."

Applying the rule of that case to the one now before us, there was no error in denying a jury trial.  In that case the question was whether the plaintiff was the lawful wife of John Enos during his lifetime.  In this case the question is whether in fact a partnership existed between Mr. Reid and Mrs. Crawford.

The question then arises whether a partnership did in fact exist.  For the purpose of establishing a part-

nership, of course, it is a matter of common understanding that no formal contract is necessary. Such a partnership may be made by oral or written agreement and may result from the acts or conduct of the parties. There can be no question, under the evidence in this case, but what Mr. Reid, up to the time of his death, considered that Mrs. Crawford was his partner and entitled to share equally in the profits of the business. He divided the proceeds not mathematically equally between them, but substantially so. He was a very conscientious man and was very desirous that Mrs. Crawford should have her half of the earnings of the business. It is true that he undoubtedly assumed that the death of Mr. Crawford did not dissolve the partnership, but even though he did not know that death would dissolve a partnership relation, that would not prevent a partnership existing between him and Mrs. Crawford. After the death of Mrs. Crawford, he stated that since her death he would have two partners instead of one, referring to her daughters. As already stated, after Mr. Crawford's death the business in every respect was conducted the same as it had been before, the proceeds were divided as they had been before, Mr. Reid repeatedly conferred with Mrs. Crawford and talked over the business with her, and recognized her at all times as an equal partner in the business with himself. The inference to be drawn from all the facts and circumstances as they occurred after Mr. Crawford's death is that he and Mrs. Crawford were partners. If a partnership existed, it is not claimed that there should not be a division of the assets existing at the time of Mrs. Crawford's death.

The last question is whether Mr. Reid was entitled to a salary because he was the one in active charge of the business. The general rule is that one partner is not entitled to a salary from the partnership, in the

absence of an express or an implied agreement therefor. In the present case, there was no express agreement. The question on this branch of the case is whether there were facts and circumstances from which an implied agreement might be inferred. At no time during the life of Mrs. Crawford did Mr. Reid claim a salary. He testified that he never had any talk with her about paying him wages. The question of compensation for services arose first after her death. The business had been conducted by them from the year 1913, when Mr. Crawford died, until 1920, when Mrs. Crawford died, or practically seven years. There are not here acts and conduct from which an implied contract can be inferred that Mr. Reid was to have a salary. The case of *In re Levy's Estate*, 125 Wash. 240, 215 Pac. 811, cited by the appellant, is not controlling. It was held that, under the facts of that case, there was an implied contract for compensation. Each case, of course, must depend largely upon its own facts, and the facts in that case are materially different from what they are in the present case.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and HOLCOMB, JJ., concur.

### ON REHEARING.

[*En Banc.* July 27, 1925.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adheres to the Departmental opinion heretofore filed herein, and the judgment of the trial court is therefore affirmed.