[No. 23315.    Department One.    February 24, 1932.]

V. GATTAVARA, *Respondent*, v. GENERAL INSURANCE
COMPANY OF AMERICA *et al.*, *Appellants.*[1]

[1]Reported in 8 P. (2d) 421.

Ralph S. Pierce and Kenneth G. Smiles, for appellants.

Smith, Matthews & Dunn and Elmer Goering, for respondent.

BEELER, J.—This is an action to recover under a collision insurance policy issued by the appellant to the respondent as *owner* of a Federal truck, whereas his interest in the truck was that of a *mortgagee.*

Respondent in his first amended complaint alleged that, on or about December 30, 1928, he applied to the appellant's agent the Enumclaw Insurance Agency, for a policy of insurance to protect his interest as *mortgagee* in the truck then owned by Joe Schaide; that the policy sued upon, as issued, was to be in effect for a period of one year; that the premium was paid, and the policy delivered to him; that, on July 5, 1929, the truck was destroyed in a collision with a railroad engine; that proof of loss was executed and forwarded to the appellant; that it neither accepted nor rejected liability; that the sixty-day period required by the policy elapsed before suit was instituted; that, at the time he applied for insurance, he informed the agent that his interest in the truck was that of a *mortgagee,* which fact was known to the agent at the time the policy was issued; that he was unfamiliar with insurance policy forms, and relied upon the agent to issue a proper policy.

A demurrer was sustained to this complaint on the ground that it failed to state the nature and extent of

the respondent's interest in the truck, and that the subject matter of the complaint was equitable in character, and hence the complaint should have prayed for a reformation of the policy. Thereafter, the respondent filed a second amended complaint, in which, in addition to the allegations of the first amended complaint, he further alleged that the respondent held a chattel mortgage on certain logging equipment, including the truck, to secure an indebtedness of $13,659.12. A demurrer to this complaint was overruled.

Thereupon, the appellant, by its answer, admitted the issuance of the policy by its agent; admitted the receipt of the proof of loss; alleged as an affirmative defense that the policy was issued in consideration of certain warranties; that warranty No. 3 stated the interest of the assured to be *sole and unconditional ownership without encumbrance,* and that the policy contained the following conditions or provisions:

"That the company shall not be liable under this policy (b) if the interest of the assured in the policy be other than an unconditional and sole ownership, or if the subject of insurance be or become encumbered by any lien or mortgage except as stated in warranty No. 3 or otherwise endorsed hereon."

It was further alleged that the respondent knew or should have known of these provisions or conditions, since the policy at all times had been in his possession, and that he was estopped from denying knowledge thereof, and that the policy was void because of a violation of these provisions or conditions.

The respondent in his amended reply alleged that the warranty as to sole and unconditional ownership was not material to the risk; that the appellant's agent at all times knew that he was not the owner of the truck, but that his interest therein was that of a mortgagee; and that the failure to designate him as mort-

gagee was through the mistake and neglect of the agent, and through no fault or misrepresentation on his part; that he had not examined the policy, but relied wholly upon the appellant's agent to properly execute it; that appellant had accepted and retained the premium and hence became estopped from denying liability.

Upon these issues, the cause proceeded to trial to the court and a jury. Appellant seasonably objected to the impaneling of the jury, and at the close of respondent's testimony, and again at the conclusion of all the evidence, requested the court to withdraw the cause from the jury. A verdict was returned in favor of the respondent in the sum of $4,025. The appellant's motions for judgment n. o. v. and for a new trial being overruled, judgment was entered on the verdict, and this appeal followed.

■■ The appellant first contends that the trial court erred in refusing to withdraw the cause from the jury. In support of this contention, it is argued that the action is one of equitable cognizance—one for the reformation of a written instrument—and therefore the cause should have been tried to the court sitting without a jury.

We can not so hold. Neither the first nor the second amended complaint contained any allegations seeking the reformation of any of the terms, conditions or provisions of the policy. The respondent in his second amended complaint, in order to conform to the order of the trial court in sustaining the demurrer to his first amended complaint, prayed that his name be written in the proper blank space provided for in the policy showing his interest to be that of a mortgagee. That portion of the prayer reads:

"Without waiving plaintiff's contention that the defendant is estopped to take advantage of the mistake

of its own agent in omitting from said policy the statement that the interest of the assured was that of a mortgagee, plaintiff prays that the blank space in said policy in paragraph 3 be filled in to conform to the facts showing the interest of the plaintiff.''

The respondent, in his pleadings as well as at the time of the trial, contended that, at the time he made oral application for insurance, he fully informed the appellant's agent that his interest in the property was that of a mortgagee. This was denied by Mr. Johanson, appellant's agent who prepared the policy. Therefore, whether the respondent made a full disclosure of the nature and extent of his interest in the truck at the time he applied for insurance, became a vital issue of fact which the respondent was entitled to have tried to a jury. The cause was tried and submitted to the jury on the theory of waiver and estoppel. The respondent consistently claimed that the issuance of the policy to him as *owner* instead of as *mortgagee* was due to the mistake and carelessness of appellant's agent, and that, since the company received and retained the premium, it was estopped from denying liability. We are of the opinion that the trial court was correct in holding the action to be one at law.

Even if it were an action of equitable cognizance, still, it was discretionary with the trial court to submit that issue of fact to the jury. In *Reynolds v. Canton Insurance Co.*, 98 Wash. 425, 167 Pac. 1115, an agent issued a policy of marine insurance knowing that the vessel contemplated sailing beyond certain restricted limits specified in the policy. After loss occurred, the company sought to avoid liability by contending that the policy was void because the vessel had gone beyond the restricted limits. We there said:

''Even if it were an equitable action, it would not have been error for the trial judge to submit the issues

of fact to the jury and use the verdict as advisory merely, and in no manner bound thereby should it not meet with his approval. *Dalton v. Union Gap Irr. Co.*, 69 Wash. 303, 124 Pac. 1128; *Enos v. Hamblen*, 79 Wash. 583, 140 Pac. 675.

''But we think the action was one at law rather than in equity. The complaint, speaking generally, was in the ordinary form of an action upon an insurance policy for the purpose of recovering the value of property destroyed by fire. In addition to the allegations usually found in such complaints, it was here alleged that the marginal clause in the policy—setting it out—was inserted wrongfully and without authority or permission of the respondents, and that, at the time of the issuance of the policy, the appellant knew that the Arnold was loaded with passengers and freight destined to a point beyond the trading limits prescribed in the marginal clause, and was therefore estopped from claiming the benefit of that clause. It is true that the complaint was amended at the beginning of the trial, over objection, by pleading the estoppel. The appellant did not claim surprise and ask for a continuance, and therefore there was no error in permitting the amendment. The complaint prayed that the policy be reformed by striking out the marginal clause and for judgment for the amount of the policy. The facts pleaded in the complaint would indicate that it was an action at law. The fact that there was a prayer, not only for judgment for the amount of the policy, but for reformation thereof, would not necessarily change the character of action as made by the allegations of the complaint. *Cushing v. Williamsburg City Fire Ins. Co.*, 4 Wash. 538, 30 Pac. 736.

''If the appellant or its agent, as the jury found, knew, at the time the policy was issued, that the Arnold, upon the voyage contemplated, was to go beyond the trading limits prescribed in the marginal clause, and if the respondents had not consented to such clause, and had no knowledge thereof until subsequent to the fire, then the respondents would be entitled to prevail without a reformation of the policy, upon the theory that the appellant was estopped from

asserting the provisions of the policy defining the trading limits to be other than those specified in the application.''

See, also, *Northern Life Ins. Co. v. Walker,* 123 Wash. 203, 212 Pac. 277, and cases there cited.

So here, the respondent sought a money judgment for the value of the truck at the time of the collision. The amount of the award as evidenced by the verdict of the jury conforms to the proof as to the value of the truck. If the respondent, at the time he made oral application for insurance, informed appellant's agent that his interest in the truck was that of a mortgagee and not that of an owner, and if the respondent did not discover that the policy had been issued to him as owner until after the collision, and if the appellant failed to return or failed to tender the return of the premiums, all of which facts the jury must have found in favor of the respondent as reflected by the verdict, then respondent was entitled to recover without the reformation of the policy, on the principle of estoppel and waiver. In other words, the insurance company could not take advantage of *its* own mistake and neglect, to the damage of the respondent.

''Where a policy is made payable to a mortgagee as his interest may appear, it is entirely competent for the plaintiff to prove that there was no mortgage in fact, or that the mortgage has been satisfied, *and this without any reformation of the policy.''* *Alliance Insurance Co. v. Enders,* 293 Fed. 485. (Italics ours.)

Several assignments of error relate to the giving and to the refusal to give certain instructions. But the errors raised by these assignments can not be reviewed because the appellant failed to take proper exceptions to the instructions. The only exception taken to instruction No. 3 was: ''The defendants except to instruction No. 3 for the reason that it is not a proper

statement of the law." The only exception taken to instruction No. 4 was: "The defendants except to the giving of instruction No. 4 and to each and every part thereof." The exceptions taken to instructions Nos. 5, 6, 7, 10 and 13 were to the general effect that the instructions were not proper statements of the law. The same is true as to the exceptions taken to the refusal of the court to give the appellant's proposed instructions Nos. 1, 3, 4, 5, and 6.

These exceptions were general in their nature, and in no manner pointed out to the court the particular matters concerning which complaint is now made. We have repeatedly held that error can not be based upon general exceptions to instructions, but that the exceptions must specifically point out and inform the trial court "of the points of law and questions of fact in dispute," in order to have the questions reviewed by this court. In *Davis v. North Coast Transp. Co.,* 160 Wash. 576, 295 Pac. 921, we said:

"In *Kelley v. Cohen,* 152 Wash. 1, 277 Pac. 74, it was held that an exception to an instruction in this language, 'Defendant excepts to instruction No. 5, upon the ground and for the reason that the same is not a correct statement of the law, and not based upon the evidence in this case,' was too general, and was not a compliance with the rule requiring exceptions to be sufficiently specific to apprise 'the judge of the points of law or questions of fact in dispute.' It was there said:

" 'Defendant's exceptions are entirely general in their nature, and do not, in any way, specifically point out to the court the matters concerning which complaint is now made. None of the exceptions taken to any of the instructions given sufficiently comply with Rule VI to permit this court to review the error claimed. Appellant's claim of error as to these instructions is highly technical, and such objections must, under the above quoted rule, be specifically pointed out to the trial court.' "

See also, *Wallin v. Massachusetts Bonding & Ins. Co.*, 152 Wash. 272, 277 Pac. 999.

■ The appellant next contends that the court erred in denying its motion for judgment notwithstanding the verdict, and in refusing to grant its motion for a new trial. In support of this contention, the appellant argues that the mortgage debt became extinguished on September 28, 1929, at the time the respondent dismissed, with prejudice, his action to foreclose the chattel mortgage against Schaide, and that respondent had no further interest in the policy. But it must be borne in mind that the truck was destroyed July 5, 1929. The appellant's liability became fixed as of that date. If the mortgage debt had become extinguished before the loss occurred, a different question would be presented. But the authorities generally hold that the insurer's liability is fixed as of the date when the loss occurs.

"Nor is there merit in the contention that the policy was terminated by the suit to foreclose the real estate mortgage. The breach of the policy, if any, had occurred long before such suit, and the rights of plaintiff thereunder had vested." *Pennsylvania Fire Ins. Co. v. Johnson*, 28 Ariz. 448, 237 Pac. 634.

■ Finally, the appellant contends that, if the judgment is allowed to stand, the respondent will reap double recovery—one against the appellant and the other against the mortgagor, Schaide. This argument, while engaging, is not persuasive. September 10, 1929, the respondent brought this action to foreclose the chattel mortgage against Schaide, and prayed for judgment in the sum of $13,659.12. On September 23, 1929, the respondent and Schaide entered into a written agreement of settlement adjusting all disputes or claims between them relating to various logging operations. At that time, Schaide owed the respondent ap-

proximately $13,000. When the truck was destroyed, the respondent's security was impaired to the extent of the value of the truck. In the settlement between the respondent and Schaide, the latter was given credit for whatever amount the respondent would recover against the appellant by reason of the destruction of the truck. Under these circumstances, there would be no double recovery.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.