[No. 12871.   Department One.   April 12, 1916.]

MATT JOHNSON, *Respondent*, v. FRANKLIN INSURANCE
COMPANY, OF PHILADELPHIA, PENNSYLVANIA,
*Appellant*.[1]

INSURANCE—POLICY—REMOVAL OF GOODS—FORFEITURE.   A stipulation in a policy of fire insurance that the goods are insured only while at the designated location and that the policy shall be void if the property is removed without the company's consent, is of the essence of the contract, and the policy is annulled where the insured removed the goods without permission.

SAME.   Such clause is not merely a warranty or condition, under 3 Rem. & Bal. Code, § 6059-34, providing that breach of a warranty or condition shall not avoid the policy unless such breach contributes to the loss.

SAME—POLICY—FORFEITURE—ESTOPPEL.   Where an insured made request of an insurance agent for consent to the removal of goods, insured at a particular place, to a new location, as required by the policy, and removed the same on the next day without waiting for permission, the failure of the company to object does not work an estoppel to avoid the policy.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 10, 1915, in favor of the plaintiff, by direction of the court, in an action upon an insurance policy, after a trial before the court and a jury. Reversed.

*Ballinger & Hutson*, for appellant.

*Shepard, Burkheimer & Burkheimer*, for respondent.

FULLERTON, J.—On April 12, 1912, the respondent, being then the owner of certain household goods, insured the same with the appellant company in the sum of $900.   The policy issued was in form a New York standard policy, and purported to insure the goods for a term of three years, "all while contained in the frame building while occupied only as a dwelling, known as dwelling No. 30, at Franklin, King coun-

[1]Reported in 156 Pac. 567.

ty, Washington." The policy recited that it was made and accepted subject to certain conditions printed on the back thereof, among which was the condition that no privilege or permission affecting the insurance under the policy shall exist or be claimed by the insured unless written or attached thereto. The policy was issued and countersigned by the Sylvester Insurance Agency, a concern of which one W. C. Sylvester seems, to have been the sole proprietor. Sometime after the issuance of the policy, the Sylvester Insurance Agency gave written consent in the name of the company to the removal of the property to a place designated as No. 409, Fifth avenue, Seattle, Washington. Subsequent to the issuance of this permit, the agency ceased to represent the company, due notice of the change being filed in the office of the state insurance commissioner on November 13, 1913. On April 5, 1914, the respondent addressed a letter to the Sylvester Agency asking for a permit to remove the goods to No. 2832, Portland street, in the city of Seattle. Some nine days later, he wrote that he had misnamed the street to which he desired to remove, and that the correct name was Holden street. No reply was made by the Sylvester agency to either of these letters, nor does it appear that they were forwarded to the insurance company. On April 24, 1914, ten days after the last of the letters mentioned was written, the property was destroyed by fire at No. 2832, Holden street, in the city of Seattle; the respondent having removed the goods to that place on April 6, 1914, the day following the writing of the first letter. After the fire, the respondent notified the Sylvester agency of the fact, who in turn forwarded to the insurance company a copy of the notice, together with copies of the letters previously written by the respondent relating to the removal permit, which was the first notice the company had of any of the matters. Due proofs of loss were made by the insured and payment demanded of the company. Payment was refused, and this action was instituted upon the policy. At the trial, which was had before the court sitting with a jury, the re-

spondent, at the conclusion of the evidence, moved for judgment in his favor. This motion the trial court granted, discharging the jury and entering judgment in favor of the insured for the amount named in the policy. From this judgment, the insurance company appeals.

But two questions are suggested by the record; first, did the policy as written cover the property at the place to which it was removed; and, second, is the insurance company estopped by its acts from asserting that it did not cover them.

The first question, we think, must be answered in the negative. An insurance company has the right to determine for itself what property it will insure and at what place it will insure it, and to provide that the policy shall become void if the property is removed from the designated place without its consent. This policy provides, in unmistakable terms, that the property described thereon is insured only while at the designated location, unless otherwise provided by agreement indorsed thereon; and, clearly, such a condition is of the essence of the contract and the court cannot hold that it covers the property elsewhere without making a new contract for the parties. Such is the effect of our holdings in the cases of *Henschel v. Oregon Fire & Marine Ins. Co.*, 4 Wash. 476, 30 Pac. 735, 31 Pac. 332, 765; *Jump v. North British & Mercantile Ins. Co.*, 44 Wash. 596, 87 Pac. 928, and *Ferguson v. Lumbermen's Ins. Co.*, 45 Wash. 209, 88 Pac. 128. And such, also, as we understand it, is the general rule. See, Clement, Fire Insurance, p. 57, and cases there collected; also, note to case of *Benton v. Farmers' Mut. Fire Ins. Co.*, 26 L. R. A. 237.

Our attention is called to § 34 of the Insurance Code (Laws of 1911, p. 197, § 34, 3 Rem. & Bal. Code, § 6059-34), as modifying the general rule above stated. This section reads as follows:

"No oral or written misrepresentation or warranty made in the negotiation of a contract or policy of insurance, by the

assured or in his behalf, shall be deemed material or defeat or avoid the policy or prevent it attaching, unless such misrepresentation or warranty is made with the intent to deceive. The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss; anything in the policy or contract of insurance to the contrary notwithstanding. In case a loss occurs while a breach of warranty exists, if it contribute to the loss, the insured shall only be entitled to recover the amount of insurance the premium paid would purchase at the rate that would be charged without the warranty. This section shall be liberally construed."

The argument is that the clause of the contract relating to the place in which the goods are insured is a warranty or condition, and that, in virtue of this provision of the statute, the removal of the goods to another locality will not avoid liability unless such removal contributes to the loss. But, without following the argument of counsel, we think it neither a warranty nor a condition as the terms are here used. A condition, according to the definition of Mr. Black, is "an agreement or stipulation in regard to some uncertain future event, not of the essential nature of the transaction, but annexed to it by the parties providing for a change or modification of their legal relations on its occurrence;" while a warranty, according to the same authority, is "An undertaking or stipulation, in writing, or verbally, that a certain fact in relation to the subject of a contract is or shall be as it is stated or promised to be." The clause of the contract in question is neither of these. On the contrary, it is an essential part of the contract, as much so as is any other part of the promise to insure. The contract is that the insurer shall be liable for their loss by fire while they remain at the particular building, not while away from it. It is a simple contract to insure while the property is at a particular place. No conditions or warranties, such as the statute contemplates, are involved.

The second contention, that there was an estoppel, is equal-
ly without merit.   The insured cannot compel assent on the
part of the insurer to a change in the locality of the property
insured.   It is, in effect, the making of a new contract, and
the insurer may assent or refuse as he chooses.   While it may
be that circumstances can arise where assent would be im-
plied, this is not such a case.   The only evidence of an implied
assent is the fact that no objection was made to the removal.
But the notice was given on one day and removal made on
the next.   Had the notice been addressed to the company's
duly authorized agent, and had it been shown that the notice
was received by him on the day of its mailing, there would be
no obligation on the company's part to make known its refusal
to extend the insurance to the new locality within so short a
time.

The judgment should have been in favor of the defendant
below, not the plaintiff.   The judgment is therefore reversed
and the cause remanded with instructions to enter a judg--
ment for the defendant.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.