[No. 13978.   Department One.   October 1, 1917.]

S. B. REYNOLDS *et al.*, *Respondents*, v. PACIFIC MARINE
INSURANCE COMPANY, *Appellant.*[1]

INSURANCE—MARINE  INSURANCE — POLICY — RESTRICTIONS—"WAR-
RANTY."   A marginal insertion on a policy of marine insurance
"warranting" that the boat shall be employed in certain waters is
an essential part of the contract, breach of which avoids the policy,
and not a warranty, within the contemplation of 3 Rem. & Bal.
Code, § 6059-34, providing that a breach of a warranty shall not
avoid the policy unless it exists at the time of and contributes to
the loss.

Appeal from a judgment of the superior court for King
county, Smith, J., entered August 4, 1916, in favor of the
plaintiffs upon the pleadings, in an action on a marine insur-
ance policy.   Reversed.

*Bogle, Graves, Merritt & Bogle*, for appellant.
*Myers & Johnstone*, for respondents.

MAIN, J.—The purpose of this action was to recover upon
a marine insurance policy for the loss of a boat by fire.   After
the issues had been made up by the second amended complaint
—which will be referred to as the complaint—the answer, and
the reply, the plaintiffs made a motion for judgment upon the
pleadings.   This motion was sustained, and judgment entered
for the plaintiffs in the sum of $1,052.   The defendant ap-
peals.

The facts stated in the pleadings which present the con-
trolling question upon this appeal may be stated as follows:
On April 23, 1915, the respondents, being the owners of a
certain gas boat known as the "Arnold," applied to the ap-
pellant company for a policy of insurance thereon.   A policy
was issued insuring the Arnold against loss by fire or other-
wise in the sum of $1,000, from the 30th day of April, 1915,

[1] Reported in 167 Pac. 745.

until the 30th day of April, 1916. There was inserted on the margin of the policy the following:

"Warranted to be employed during the currency of this policy in the waters of Puget Sound, British Columbia and Southeastern Alaska inland waters, not north of Wrangel Narrows. Warranted not to use the west coast of Vancouver Island."

The complaint alleges that this clause was inserted wrongfully and fraudulently and without the authority or permission of the plaintiffs. On the 21st day of July, 1915, the Arnold was totally destroyed by fire while it was on the south side of Ship creek, along the Alaska coast. The complaint prays for a reformation of the policy and for judgment for the amount thereof. The answer to the complaint denies that the marginal clause referred to in the complaint was inserted wrongfully and fraudulently and without authority or permission of the respondents. In the affirmative defense pleaded in the answer, it is alleged that, at the time the policy was delivered, it contained the marginal clause referred to in the complaint—quoting it—and that the policy in that form was delivered to the respondents and accepted and held by them, without objection, until after the fire occurred. For the purpose of this appeal it is admitted that the marginal clause was not wrongfully or fraudulently inserted, but that it was done with the authority and permission of the respondents.

The controlling question is whether the marginal clause referred to was a warranty within the contemplation of § 34 of the insurance code, chapter 49, Laws of 1911, p. 197 (3 Rem. & Bal. Code, § 6059-34), or whether it is an essential part of the contract and, therefore, not a warranty within the contemplation of the statute. If the marginal clause is such a warranty as contemplated by the statute, the judgment of the trial court should be sustained. On the other hand, if it is an essential part of the contract and not such a warranty as the statute contemplates, the judgment must be reversed. In *Johnson v. Franklin Ins. Co.*, 90 Wash. 631,

156 Pac. 567, the action was brought upon an insurance policy for the loss of household goods by fire. At the time the loss occurred, the goods were not at the place covered by the policy. The policy in that case purported to insure the goods for a term of three years,

"All while contained in the frame building while occupied only as a dwelling, known as dwelling No. 30, at Franklin, King county, Washington."

The goods were destroyed by fire while at No. 2832, Holden street, in the city of Seattle. It was there claimed that the language of the policy as to the location of the goods was a condition or warranty within contemplation of § 34 of the insurance code (chap. 49, Laws of 1911, p. 197; 3 Rem. & Bal. Code, § 6059-34), which provides that the breach of a warranty or a condition in a policy of insurance shall not avoid the policy unless such breach shall exist at the time of the loss and contribute to the loss. It was there held that the language of the policy relative to the location of the goods while insured was not a warranty or a condition within the contemplation of the statute, but was an essential part of the contract, as much so as any other part of the promise to insure, and it was there said:

"A condition, according to the definition of Mr. Black, is 'an agreement or stipulation in regard to some uncertain future event, not of the essential nature of the transaction, but annexed to it by the parties providing for a change or modification of their legal relations on its occurrence;' while a warranty, according to the same authority, is 'An undertaking or stipulation, in writing, or verbally, that a certain fact in relation to the subject of a contract is or shall be as it is stated or promised to be.' The clause of the contract in question is neither of these. On the contrary, it is an essential part of the contract, as much so as is any other part of the promise to insure. The contract is that the insurer shall be liable for their loss by fire while they remain at the particular building, not while away from it. It is a simple contract to insure while the property is at a particular place.

No conditions or warranties, such as the statute contemplates, are involved."

In the present case, the *Arnold* was destroyed by fire in waters many miles beyond the limits prescribed in the marginal clause of the policy above referred to. The question then arises whether this clause is a warranty as contemplated by the statute, or an essential term of the contract such as any other part of the promise to insure. One of the essential requisites of a voyage policy of insurance is that it should contain an accurate description of the waters in which the boat covered by the policy is to be while it is insured. In 1 Arnould, Marine Insurance (9th ed., 1914), page 25, § 14, it is said:

"In the case of a voyage policy the underwriter cannot know the nature of the risk he is asked to insure, nor, consequently, the amount of premium he ought to require, unless he knows the nature of the voyage on which the ship is to sail, or the goods are to be conveyed. It is therefore one of the most essential requisites of a policy of insurance, that it should contain an accurate description of the voyage insured."

It follows, therefore, that the marginal language of the policy, which specified the waters in which the Arnold was to be while covered by the policy, was an essential part of the contract and, therefore, not such a warranty as is contemplated by the statute. It is argued, however, that the language of this policy is different from that which the court considered in the *Johnson* case; but in both policies the subject-matter covered by the respective clauses was the same, that is, the locus of the property while it was insured. It is true that the language of the policy considered in the *Johnson* case did not contain the word "warranted," as in this case. To the use of this word no special significance can be attached. There may be warranties without using that particular word, and there may not be warranties when the word is used. In *Port Blakely Mill Co. v. Springfield Fire &*

*Marine Ins. Co.*, 59 Wash. 501, 110 Pac. 36, 140 Am. St. 863, 28 L. R. A. (N. S.) 596, it was said:

"In our judgment the word 'warranted' adds nothing to the force of the stipulation. It is well understood—in fact, it is conceded—that the expression of the word 'warranty' does not necessarily constitute a warranty; that there may be warranties without the use of the word; that there may not be warranties when the word is used. . . ."

If, instead of the word "warranted," the marginal clause had said, "it is understood and agreed," there could be no question but that the language of this policy was, in legal effect, the same as that in the *Johnson* case. In each case the language used related to the same subject-matter, that of location of the property while it was insured. This is a most essential requisite, as pointed out by Mr. Arnould, of a policy of voyage insurance, and as pointed out in the *Johnson* case, is not such a warranty as the statute contemplates.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the motion for judgment on the pleadings.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.