**FIDELITY & GUARANTY FIRE CORPORATION OF BALTIMORE v. BILQUIST et al.**

No. 8835.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1938.

Davis & Groff, William Hatch Davis, and Guy B. Groff, all of Seattle, Wash., for appellant.

Ray R. Greenwood, of Bremerton, Wash., and H. Sylvester Garvin, of Seattle, Wash., for appellees.

Before HANEY and STEPHENS, Circuit Judges, and NETERER, District Judge.

**334**

HANEY, Circuit Judge.

An insurer has appealed from a judgment rendered against it as recovery upon a fire insurance policy issued by it on a building known as the Manchester Inn at Manchester, Kitsap County, Washington.

Sometime prior to July 23, 1935, appellee John Myhre and appellee Bilquist decided to buy real property at Manchester, Kitsap County, Washington, consisting of four lots with a building thereon, known as the Manchester Inn. On July 23, 1935, appellees executed a note to the Kitsap County Bank. for $1500 which was used as part of the purchase price. A mortgage on the property was executed to the bank. Frank E. Langer was president of the bank, and also an agent of appellant for solicitation of insurance. He asked Myhre for permission to write the insurance, which was given. Langer had known for several years that the property in question had not been used exclusively as a dwelling place, but had been used as an inn. He asked no information, but filled out a form which was sent to Seattle, and the policy in question was prepared and sent to him. Langer signed the policy as resident agent, and placed it with the note and mortgage, then in the bank's possession.

The policy, effective for three years from August 10, 1935, insured in the amount of $2500 "the two story, shingle roof, frame building and additions in contract therewith while occupied only for dwelling house purposes" and insured in the amount of $1500 the "household furnishings and personal effects * * * all only while contained in the above described dwelling house building". It was provided that the policy was subject to conditions therein stated, and that "* * * no officer, agent, or other representative of this Company shall have power to waive any provision or condition of this Policy except such as by the terms of this Policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this Policy exist or be claimed by the insured unless so written or attached." It was further provided: "This entire policy, unless otherwise provided by agreement indorsed

hereon or added hereto, shall be void * * * if the hazard be increased by any means within the control or knowledge of the insured * * *" There was no rider or agreement added to the policy providing otherwise.

Prior to April 1, 1936, one Moen proposed installation of a bar in one corner of the building, the room being about twelve feet wide and fourteen feet long. A small back bar and mirror were installed, with refrigerating equipment, beer taps and six stools. There was no stove or electrical apparatus and no oil or combustibles kept in the barroom. After about April 1, 1936, beer and wine were served.

On the morning of September 12, 1936, a fire destroyed the property. The fire did not start in the bar room. Upon failure of the company to pay the loss, this cause was commenced by appellees in a Washington court, and removed by appellant to the court below.

The complaint alleged execution of the policy, the loss by fire of the building and personal property, failure of appellant to pay the loss, and that Langer knew "the true situation relative to said property" and "the use thereof". Appellees prayed for judgment in the sum of $4,000. Two issues raised by the pleadings were: (1) Whether or not the policy covered the loss because the building was not "occupied only for dwelling house purposes"; (2) whether or not the hazard was increased by installation and use of the bar, thus voiding the policy.

The cause was tried by a jury. At the close of the evidence, appellant moved for a directed verdict which was denied. The jury found for appellees. Appellant then moved for judgment notwithstanding the verdict. The motion was denied, and judgment was entered for appellees, from which this appeal was taken.

Appellants contend that the policy did not cover the loss, because it insured the building only when occupied for dwelling house purposes, and insured the "household furnishings and personal effects" only while contained in the dwelling house building. Appellees contend that since the agent had knowledge of the actual facts, appellant is estopped to deny liability under the policy.

█ Both parties concede that the law of Washington prevails. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. It has been held in Wash-

ington that "while an insurer may be estopped, by its conduct or its knowledge or by statute, from insisting upon a forfeiture of a policy, yet, under no conditions, can the coverage or restrictions on the coverage be extended by the doctrine of waiver or estoppel." Carew, Shaw & Bernasconi v. General Casualty Co., 189 Wash. 329, 65 P. 2d 689, 692.

Thus where the insurer seeks to avoid liability on the ground that a warranty or condition in the policy has been breached by the insured, if the agent of the insurer has knowledge of the true facts, and the insured does not consent to the warranty or condition, then the insurer is estopped to deny liability, and the insured may recover in an action at law without reformation. Turner v. American Casualty Co., 69 Wash. 154, 124 P. 486; Gaskill v. Northern Assur. Co., 73 Wash. 668, 132 P. 643; Reynolds v. Canton Ins. Office, 98 Wash. 425, 167 P. 1115; Stebbins v. Westchester Fire Ins. Co., 115 Wash. 623, 197 P. 913; Harper v. Fireman's Fund Ins. Co., 154 Wash. 77, 280 P. 743; Gattavara v. General Ins. Co. of America, 166 Wash. 691, 8 P.2d 421; Miller v. United Casualty Ins. Co., 187 Wash. 629, 60 P.2d 714.

On the other hand, where the case is not one of forfeiture for breach of a warranty or condition, but a case regarding the extent of the coverage, the estoppel principle does not apply, and recovery may not be had without reformation of the policy. Johnson v. Franklin Ins. Co., 90 Wash. 631, 156 P. 567; Reynolds v. Pacific Marine Ins. Co., 98 Wash. 362, 167 P. 745, L.R.A.1918B, 427; Id., 105 Wash. 666, 178 P. 811; Charada Inv. Co. v. Trinity Universal Ins. Co., 188 Wash. 325, 62 P.2d 722; Carew, Shaw & Bernasconi v. General Casualty Co., supra.

■ The applicability of the estoppel principle is dependent upon whether the provision "while occupied only for dwelling house purposes" and the one "while contained in the above described dwelling house building" are conditions or restrictions on coverage. We think they are the latter, and recovery cannot be had without reformation. Johnson v. Franklin Ins. Co., supra; Reynolds v. Pacific Marine Ins. Co., 98 Wash. 362, 167 P. 745, L.R.A.1918B, 427; Clark v. Western Ins. Co. of America, 168 Wash. 366, 12 P.2d 408; McCulloch v. Northwestern Mut. Fire Ass'n, 183 Wash. 5, 48 P.2d 217; Carew, Shaw & Bernasconi v. General Casualty Co., supra.

■ Such holding does not, however, preclude appellees from obtaining relief. Section 274a of the Judicial Code, 28 U.S.C.A. § 397, provides: "In case any United States court shall find that a suit at law should have been brought in equity * * * the court shall order any amendments to the pleadings which may be necessary to conform them to proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. * * *" We think the proof as it now stands discloses that the parties intended to obtain insurance which would cover the loss. Langer so intended, as shown by the fact that he was protecting the bank's interest as mortgagee. Under the Washington cases above cited, his intention was imputed to appellant. It is conceded that Langer had authority to issue a policy covering the loss. By mistake such policy was not issued, but one was issued which did not conform to the intention of the parties. Under this evidence, we see no reason why reformation should not be granted.

■ With regard to reformation, appellant contends that it was entitled to its day in court upon that issue; that there was no allegation as to what terms of the policy were to be reformed, no offer to do equity by tendering the proper premium, and no prayer for equitable relief. At the argument appellees stated that they thought reformation was unnecessary, but if that argument did not prevail, the cause should be remanded to permit amendment of the pleadings. To prevent possible prejudice to appellant, we think the cause should be remanded, amendment of the pleadings permitted, and the cause disposed of on the theory of reformation. Hutchings v. Caledonian Ins. Co. of Scotland, 4 Cir., 35 F.2d 309; Clarksburg Trust Co. v. Commercial Casualty Ins. Co., 4 Cir., 40 F.2d 626, 634. Compare Irons v. Smith, 4 Cir., 62 F.2d 644.

Appellant also contends that the personal property was not "household furnishings and personal effects". If reformation is granted, the policy will then cover such property regardless of whether it is "household furnishings and personal effects". The contention that the hazard was increased by installation of the bar, presents a question of fact to be decided in the first instance by the court below.

336

Judgment reversed, and the cause is remanded with directions to permit amendments to the pleadings and to determine the cause upon the theory of reformation.