**HIGHLANDS INSURANCE COMPANY, Plaintiff,**

v.

**Rick KOETJE and Mike Holm, Defendants.**

No. C86–1464D.

United States District Court, W.D. of Washington.

Jan. 9, 1987.

W. Craig Smith, Danielson, Harrigan, Smith & Tollefson, Seattle, Wash., for plaintiff.

Robert A. Green, Seattle, Wash., for defendants.

DIMMICK, District Judge.

### MEMORANDUM OPINION AND ORDER

Defendants move for summary judgment dismissal[1] of plaintiff's complaint for declaratory relief. The Court has considered

---

1. This motion is more accurately designated a motion for dismissal for failure to state a claim or a motion for judgment on the pleadings, since no evidence outside the pleadings is offered. Fed.R.Civ.P. 12(b)(6), 12(c).

the pleadings and memoranda submitted by counsel and concludes that the existence of disputed material facts precludes dismissal at this point.

## BACKGROUND

Defendants are the owners of a 30–foot skiff, the F/V LOLIPOP. Plaintiff, Highlands Insurance Company, issued an insurance policy covering the LOLIPOP. The parties agree that on May 29, 1986, the LOLIPOP and other fishing skiffs were tied up alongside the tender boat F/V DRITSIK, which provided room and board for crewmembers of the skiffs. Rick Fanning, a crewman from the LOLIPOP, was aboard the DRITSIK that evening doing his laundry when he became entangled in some steering mechanism and was injured. Fanning has filed a separate suit against the DRITSIK, her owners and operators. Highlands filed the instant action for a declaration that it has no liability for Fanning's injuries under its policy with the owners of the LOLIPOP.

The policy contained the following warranties:

WARRANTED NOT TO EXCEED ONE (1) CREW FOR THE PERIOD MAY 15 TO JUNE 15

and

WARRANTED THIS VESSEL IS ENGAGED IN COMMERCIAL FISHING AND CONFINED TO THE WATERS AND TRIBUTARIES OF NORTON SOUND AND TO A PORT IN PUGET SOUND DURING LAY–UP, BUT NOT THE WATERS BETWEEN NORTON SOUND AND PUGET SOUND.

Complaint at 2. Highlands contends that defendants violated both these warranties: First, by operating the skiff in waters south of Cape Romanzof, and second by taking on a second crewman. Highlands contends that the second crewman is the claimant under the policy. Thus, Highlands seeks a declaratory judgment that the policy is voided because of the breach of one or both warranties.

The owners of the vessel do not dispute the terms of the warranties, but argue that they were not violated. They admit that the LOLIPOP was being operated in waters south of Cape Romanzof, but that this was within the waters and tributaries of Norton Sound. Further, defendants contend that claimant was the only crewmember employed aboard the LOLIPOP, and he was injured on another vessel.

## ISSUE

Assuming that the warranties were breached (as this Court must for dismissal under 12(b)(6) or 12(c)), the issue is whether the policy nonetheless remains in force because the breaches were unrelated to Fanning's injuries.

## WASHINGTON LAW

■ Both parties agree that this case is governed by Washington law.[2] Defendants characterize Washington law as requiring that any breach of warranty must have caused the loss before coverage will be denied. This is an unduly constricted view. A better statement of Washington law is that an insurance contract will be voided upon breach of warranty by the assured only if the breach contributed to the loss sustained or increased the risk of loss of the type sustained. Put another way: Washington law would not void coverage unless the breach related to the loss sustained, but the breach need not have caused the loss.

Highlands argues that it meets any "causation" requirement because Fanning would not have been on the DRITSIK, and the accident would not have occurred if the LOLIPOP had not been in forbidden waters

**2.** English admiralty law voids a contract upon breach of a warranty. In a landmark case, however, the United States Supreme Court refused to adopt the English rule, and held that there is no federal admiralty law governing enforcement of marine insurance warranties. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955); *see also Ahmed v. American Steamship Mutual Protection & Indem. Ass'n,* 640 F.2d 993 (9th Cir. 1981) (recognizing application of state law to marine insurance indemnity contracts).

with an extra hand. This "but for" argument attenuates cause and effect, and would not likely be cognizable as legal causation in Washington. *See, e.g., Hartley v. State,* 103 Wash.2d 768, 777–81, 698 P.2d 77 (1985) (distinguishing between cause in fact and legal causation). As this Court has already observed, however, it is not necessary to prove that either of the alleged breaches caused the injury to Fanning. If either of the breaches increased Highlands' exposure for defendants' losses, coverage is avoided.

### Risk of Loss

Insurance is a type of risk[3] management, with the insured paying premiums based on the probability that losses of a specified nature will occur.

> Though the insured normally collects much more or much less than the premiums he pays for his insurance policy, it does not follow that he received either more or less than a fair return. One benefit he receives is a measure of certainty about the cost of protection against specified types of losses. If loss of a specified type occurs, payment from the insurer offsets the loss. If no loss of the specified type occurs, that very fact offsets the lack of any payment. In either event, a risk of loss has existed because of uncertainty as to whether loss would occur. For a price adjusted to the risk, as best it could be estimated, the insured has traded off that possibility of heavy loss for a certain but more moderate cost.

R. Keeton, *Basic Text on Insurance Law* § 1.2(b), at 5 (1971).

It is this risk that the Washington Supreme Court referred to in terming a warranty as to location to be "an essential part of the contract...." *Reynolds v. Pacific Marine Ins. Co.,* 98 Wash. 362, 365, 167 P. 745 (1917). In that case, the gas boat "Arnold" was lost as a result of fire. An insurance policy covered the boat against fire loss, but a clause inserted in the margin of the policy "warranted not to use the west coast of Vancouver Island." In holding the limitation as to waters to be an essential part of the contract, the court quoted from Arnould, *Marine Insurance* § 14, at 25 (9th ed. 1914):

> In the case of a voyage policy the underwriter cannot know the nature of the risk he is asked to insure, nor, consequently, the amount of premium he ought to require, unless he knows the nature of the voyage on which the ship is to sail, or the goods are to be conveyed. It is therefore one of the most essential requisites of a policy of insurance, that it should contain an accurate description of the voyage insured.

The 1981 edition of Arnould still recognizes the validity of a voyage policy, "defined by certain limits of time or certain points of locality specified in the policy as the limits or termini of the risk...." Arnould, *Law of Marine Insurance and Average* § 461, at 320 (16th ed. 1981).

A First Circuit case is directly on point on this issue. *Mutual Fire Marine & Inland Ins. Co. v. Costa,* 789 F.2d 83 (1st Cir.1986). The circuit court upheld the district court summary judgment in favor of the insurance company, finding that a policy limiting coverage to a maximum of 100 passengers aboard a vessel did not cover injuries to any passengers when the vessel exceeded the maximum. Although this case was decided under Massachusetts law, the reasoning has application here. The *Costa* court based its decision on the fact that an increase in number of passengers increased the insurer's exposure to possible loss.

> It is clear that the presence of a larger number of potential claimants on board a vessel at any one time increases the risk of loss to an insurer, regardless of the number of individuals who may ultimately suffer injuries.

*Insurance Law* § 1.2(b), at 4 (1971).

---

**3.** "Risk", "hazard" and "peril" are frequently used interchangeably. R. Keeton, *Basic Text on*

*Id.* at 86. The court recognized that the explicit language of the policy limiting the coverage to a maximum 100 passengers was the "equivalent of a 'condition precedent,' whose violation would nullify coverage for any passenger on the ship." *Id.* at 86. Alternatively, the court recognized that the limitation could be viewed as a warranty. Breach of such a warranty increasing the risk of loss will void an insurance policy under Massachusetts law. *Id.* at 86 n. 1.

It is evident from the policy in the case before this Court that an increase in the number of crewmembers (double the number warranted) increased the risk of loss (exposure) of the insurance company. Similarly, fishing in forbidden waters increased the risk of loss. Under Washington law, however, to void coverage, the breach must be related to the loss.

### Relationship to Loss

The most recent Washington case, and the one on which defendants premise their argument for causal connection is *Riordan v. Commercial Travelers Mutual Ins. Co.,* 11 Wash.App. 707, 525 P.2d 804 (1974). There, the court held that an exclusionary clause in an accident health insurance contract which expressly excluded coverage of loss while the insured was intoxicated did not exclude coverage where the loss was "not in any sense causally connected with the intoxication." *Id.* at 708, 525 P.2d 804.

The facts of *Riordan* were stipulated to: the insured (Riordan) was intoxicated at the time of his death in an automobile accident. He was riding as a passenger in his own car, which struck a truck blocking both lanes of the highway. There was no negligence by the driver of the car or the insured.

The *Riordan* court applied a "practical, reasonable and fair interpretation" to the terms of the policy. *Id.* at 712, 525 P.2d 804. In doing so, the court found that an average man viewing the intoxication exclusion would regard the clause as

> a reasonable provision intended by the insurance company to relieve itself from

liability *resulting from* the proscribed activities. One would not assume that the parties to the insurance contract were inserting a mere arbitrary provision. Such provisions obviously evidence that a greater risk or extra hazard was in contemplation of the parties. Thus the average man would logically and reasonably conclude that the only purpose of such a provision is to protect the insurer if the insured chooses to engage in proscribed high risk conduct and injures himself *because of the greater risk.*

*Id.* at 712, 525 P.2d 804.

*Riordan* can thus be interpreted as holding that an exclusionary clause will not be applied when it bears no relationship to the cause of the injury. This interpretation is consistent with other Washington cases. *See, e.g., Oregon Auto Ins. Co. v. Salzberg,* 85 Wash.2d 372, 535 P.2d 816 (1975) (holding that breach of a cooperation clause in an insurance contract did not release the insurer when there was no actual prejudice to the insurer); *Hegeberg v. New England Fish Co.,* 7 Wash.2d 509, 110 P.2d 182 (1941) (holding that a slight delay in complying with the reporting requirement of a contract was of no consequence, and thus the court would not enforce forfeiture). In *Hegeberg,* the court quoted from the Restatement of the Law of Contracts § 302:

> A condition may be excused without other reasons if its requirement (a) will involve extreme forfeiture or penalty, and (b) its existence or occurrence forms no essential part of the exchange for the promisor's performance.

*Hegeberg* at 522, 110 P.2d 182.

This interpretation is also consistent with the outcome in *Reynolds v. Pacific Marine,* 98 Wash. 362, 167 P. 745 (1917) and *Mutual Fire Marine & Inland Ins. Co. v. Costa,* 789 F.2d 83 (1st Cir.1986) discussed above, in which policies were voided. A relationship between the fire loss in *Reynolds* and a foray into forbidden waters is evident. Similarly, in *Costa,* there is a relationship between an excess of passengers on board ship and an increase in the

insurer's exposure to claims for injured passengers.

Thus whether the alleged breach of warranties is designated as a condition precedent (*Reynolds v. Pacific Marine, supra*), causally linked to the loss insured against (*Riordan v. Commercial Travelers Mutual Ins. Co., supra*), or increasing the risk of loss (*Mutual Fire Marine & Inland Ins. Co. v. Costa, supra*), in Washington the result is the same. When there is a relationship between the breach and the loss sustained, coverage is denied.

 On the facts assumed for purposes of this motion, employment of twice the number of crewmembers warranted increases the risk of loss and is a breach related to the injury sustained. Fishing within forbidden waters also increases the risk of loss, but it is less evident that such a breach is related to the injury to the seaman. In any event, disputed issues of material fact remain.

THEREFORE, defendants' motion for dismissal is DENIED.

The Clerk of the Court is instructed to send a copy of this Order to all counsel of record.