[No. 5074.   Decided March 8, 1905.]

U. M. LAUMAN *et al.*, *Appellants,* v. A. HOOFER *et al.*,
*Respondents.*[1]

JUDGMENT—RES ADJUDICATA—POSSESSORY RIGHT TO MINING
CLAIM—NEITHER PARTY ENTITLED TO.  A judgment in a former
action to quiet title to the possessory rights of mining claims de-
creeing that neither of the parties were entitled to possession,
is *res adjudicata* as to the parties and their successors in inter-
est, as to their rights at that time, in subsequent litigation to
quiet the title after a relocation of the claims.

MINES AND MINING—RELOCATION OF CLAIM—UNOCCUPIED LAND—
FINDINGS—REVIEW./ Where, immediately after entry of a judg-
ment that neither of the parties had any possessory rights to
mining claims, the plaintiffs relocated the same and did the neces-
sary assessment work, a finding that the relocations were upon
unoccupied land, and entitled plaintiffs to possession, is sustained.

TRIAL—EQUITY—ADVISORY VERDICT—HARMLESS ERROR.  The
finding of a jury in an equity case is advisory, and any error in
calling the jury is immaterial, where the court made findings
supported by the evidence independently of the verdict.

Appeal from a judgment of the superior court for Ska-
mania county, A. L. Miller, J., entered August 4, 1903,
upon findings and an advisory verdict of a jury rendered in
favor of the defendants, after a trial on the merits, quiet-
ing defendants' title to mining claims.   Affirmed.

*Reynolds & Stewart,* for appellants.

*Dell Stuart* and *W. W. McCredie,* for respondents.

MOUNT, C. J.—This action was brought by appellants to
recover a decree quieting their alleged possessory right to
certain mining claims, located in Skamania county.   The
respondents, by their answer, denied any right of appel-
lants to the property in question, and by cross-complaint
alleged possessory right in themselves, and prayed for a

[1] Reported in 79 Pac. 953.

decree quieting their right to possession. By stipulation, the venue of the action was changed from Skamania to Clarke county, and the trial took place in the latter named county before the court and a jury, a jury being called as advisory upon one question of fact. After a trial, the court made findings of fact, and entered a decree in favor of the respondents. From this decree the appeal is prosecuted.

These facts are not disputed in the case. In the year 1898 the respondent Adolph Hoofer and Victor Carlson brought an action against J. G. Copley and U. M. Lauman, for damages, for possession, and to quiet title to the same property now in dispute. In that action the defendants appeared and prayed for affirmative relief against plaintiffs, substantially the same as in this action. The action was tried, and it was later adjudged that neither the plaintiffs nor defendants in that action had any possessory rights to the mining claims in question. The judgment in that case was not appealed from. Immediately after the entry of judgment, the plaintiffs in that action relocated the mining claims, and have since that time had possession, and have done the required assessment work thereon. Since the date of this relocation, the said Copley died, and the appellants in this action have succeeded to his rights. The said Victor Carlson has also died, and his heirs at law have succeeded to his rights.

Under these facts, the judgment in the former case is clearly *res adjudicata* as to the original parties and their successors in interest, and binding against them. The only material questions, therefore, before the lower court, or to be considered now on this appeal upon the merits, are questions of fact which relate to the amount of assessment work done, and the validity of the last locations. Upon the evidence the trial court, we think correctly, found that the last relocations were made upon unoccupied government land, as required by the laws of this state and of the

United States, and that the necessary assessment work has been done by the respondents to entitle them to possession. There is no merit in the assignment that the court erred in calling a jury in Clarke county, or in submitting questions of fact to the jury, because it is agreed that this is an equity case and, therefore, the finding of the jury is merely advisory. The lower court made findings independent of the verdict, and these findings are amply supported by the evidence.

The judgment is affirmed.

DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.