[No. 46859. En Banc. November 26, 1980.]

THE STATE OF WASHINGTON, *on the Relation of the Department of Ecology*, ET AL, *Petitioners,* v. ELWYN C. ANDERSON, ET AL, *Respondents.*

*Slade Gorton, Attorney General, Thomas L. Boeder, Senior Assistant,* and *Jon P. Ferguson* and *Laura E. Eckert, Assistants,* for petitioners.

*Ian G. Millikan* and *Millikan & Swanson,* for respondents.

ROSELLINI, J.—This is a suit by the Attorney General to enjoin the drilling of water wells, allegedly in violation of RCW 18.104. The complaint alleged that the defendant had also engaged in deceitful practices in violation of RCW 19.86, the Consumer Protection Act. In addition to injunctive relief, the Attorney General sought restitution to consumers allegedly harmed by the defendant's activities, as well as statutory penalties and its costs and attorney fees.

The Superior Court granted the defendant's motion for jury trial, and the correctness of that ruling is before us for review.

■ Under Const. art. 1, § 21, the right of trial by jury shall remain inviolate. That right includes the right to jury trial in criminal cases (*State v. Price,* 59 Wn.2d 788, 370 P.2d 979 (1962); 47 Am. Jur. 2d *Jury* § 51 (1969)). In civil cases, a jury is available if a statute so provides or if the matter is one which was triable before a jury when the con-

stitution was adopted. *In re Ellern,* 23 Wn.2d 219, 160 P.2d 639 (1945).

Our Superior Court Civil Rules 38 and 39 govern the procedure for the exercise of this right, and prescribe the superior court's role in determining whether a jury trial shall be ordered in a given case. CR 38 deals with the demand for jury trial as a matter of right. CR 39, dealing with the matters to be tried respectively by the court and the jury, provides:

## RULE 39
### TRIAL BY JURY OR BY THE COURT
**(a) By Jury.**
(1) *Rule.* When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (A) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (B) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of the state.

**(b) By the Court.**
(1) *Rule.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

**(c) Advisory Jury and Trial by Consent.** In all actions not triable of right by a jury the court, upon motion or of its own initiative, may try an issue with an advisory jury or it may, with the consent of both parties, order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

In *Scavenius v. Manchester Port Dist.,* 2 Wn. App. 126, 467 P.2d 372 (1970), the Court of Appeals, Division Two,

construed these rules as giving the trial court a wide discretion in cases involving both legal[1] and equitable issues to submit to a jury some, none, or all of the legal issues presented. It set forth a number of criteria for the exercise of that discretion. We approved those criteria in *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 617 P.2d 704 (1980). In that case, we said that where an action is purely equitable in nature, there is no right to a trial by a jury, citing *Dexter Horton Bldg. Co. v. King County*, 10 Wn.2d 186, 116 P.2d 507 (1941). We held that, where the pleadings present a mixture of legal and equitable issues but the primary relief sought is equitable in nature, denial of a jury trial is proper.

 Here, the parties are agreed that the case is civil and essentially equitable. Where a governmental body seeks to enjoin the commission of acts made illegal by statute, it is the court's equity jurisdiction that is invoked. *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 4 L. Ed. 2d 323, 80 S. Ct. 332 (1959). *And see Curtis v. Loether*, 415 U.S. 189, 39 L. Ed. 2d 260, 94 S. Ct. 1005 (1974). The respondent concedes that he has no constitutional right to a trial by jury, and that the court lacked authority to order a jury trial on all of the issues. He does not attempt to justify the court's order, in whole or in part, under CR 38 and 39. He maintains, however, that under RCW 4.40.070 and RCW 4.44.090, the court had discretion to submit the factual issues in the case to a jury and that its order is thus sustainable in part. Factual matters in the case include the questions whether there were statutory violations and whether customers were deceived.

RCW 4.40.060 provides that issues of fact in an action for recovery of money only shall be tried by a jury, and RCW 4.40.070 provides that every other issue of fact shall be

---

[1]The term "legal issue" as used in this context means an issue of fact involved in a legal claim or defense, as distinguished from an equitable one. Issues of law are to be decided by the court in either case. *See* RCW 4.44.090.

tried to the court, subject to the right of the parties to consent or of the court to order, that the whole issue or any specific question of fact involved therein be tried by a jury or referred.

■ On its face, that provision would appear to sustain the respondent's position. If that is the case, it is irreconcilable with CR 39(c), which does not permit the court to try an issue with a jury whose verdict is binding unless both parties consent.

However, this statute was first enacted in Laws of 1893, ch. 127, § 34, p. 416. Since that time, this court has repeatedly said that when issues are submitted to a jury in an equitable action without the consent of the parties, the verdict is advisory and not binding on the court. *See Gattavara v. General Ins. Co. of America,* 166 Wash. 691, 8 P.2d 421 (1932); *Reynolds v. Canton Ins. Office, Ltd.,* 98 Wash. 425, 167 P. 1115 (1917); *Lindblom v. Johnston,* 92 Wash. 171, 158 P. 972 (1916); *Lauman v. Hoofer,* 37 Wash. 382, 79 P. 953 (1905).

In the case of *Dexter Horton Bldg. Co. v. King County, supra,* this court, construing what is now RCW 4.40.060, held that it was not intended to require a jury trial of factual issues in an equity case, even though a money judgment might form a part of the relief asked. This was so because the legislature had declared in a former act, Code of 1881, § 204, that nothing in the civil practice act shall be so construed as to restrict the chancery powers of the judges, or to authorize the trial of any issue by a jury when the relief sought is predicated upon a doctrine which is inherently in equity. This was simply declaratory of the procedure which has obtained for centuries, this court said, and the omission of the declaration from the 1893 act did not affect the chancery powers of courts.

■ The rule that in an equity case the court may empanel a jury only for advisory purposes, unless both parties consent to be bound by the verdict, is embodied in our CR 39(c). If there is indeed a conflict between it and RCW

4.40.070, then the rule, being procedural in nature, supersedes the statute and thus governs the question.

RCW 4.44 pertains to trial procedure. RCW 4.44-.090, the remaining statutory provision relied upon by the respondent to justify the trial court's ruling in part, provides that all questions of fact "other than those mentioned in RCW 4.44.080" shall be decided by the jury. The only questions of fact mentioned in RCW 4.44.080 are those which are preliminary to the admission of evidence. It is apparent that the legislature intended RCW 4.44.090 to apply only to cases which are tried to the jury rather than to the court. Otherwise, the section would mandate a jury trial in all cases, an innovation which can be achieved, if at all, only through the use of language much more precise than is found in this section.

It may be asked, Why should an equity case be tried to the court rather than to a jury? In equitable actions, if relief is to be effective it often must be speedy, and calling a jury almost inevitably involves delay. While a jury is capable of ascertaining the facts upon which an equitable decree can be based, the function of balancing equities can be performed only by a learned judge. Where extraordinary and onerous remedies are to be employed, it is essential that the judge's knowledge and understanding of equitable principles should be utilized in evaluating the evidence as well as deciding upon the relief to be granted.

We must reverse the trial court's ruling. There is nothing in the record to indicate that the court felt it needed the services of an advisory jury to aid in its fact finding. Rather, the order was the result of error in concluding that the action is essentially one at law rather than equity. This conclusion was based in part upon the State's agreement not to press for injunction so long as the defendant complied with the statutes. This compromise, standing alone, is not sufficient to change the nature of the action.

The order granting the motion for a jury trial is reversed and the cause is remanded for further proceedings.

UTTER, C.J., and STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.